GEORGE E. HALL, STATE TREASURER, PLAINTIFF, V. UNITED STATES NATIONAL BANK OF OMAHA ET AL., DEFENDANTS.

FILED JANUARY 17, 1935. No. 29480.

*Peterson & Devoe,* for plaintiff.

*Morsman & Maxwell, Finlayson, Burke & McKie* and *Wells, Martin, Lane & Offutt,* for defendants.

*William H. Wright, Attorney General,* and *Daniel Stubbs, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

PER CURIAM.

In obedience to a motion or resolution, adopted by the house of representatives on January 11, 1935, the plaintiff, claiming to be state treasurer, brings this action to obtain a declaratory judgment, to determine his rights, status and other legal relations under his official bond as treasurer for the term which expired January 2, 1935.

Plaintiff was elected, qualified and served as state treasurer during 1933 and 1934 and was reelected in 1934 for a second term, but has failed, through no fault of his, to give an official bond for his second term. Defendants are depository banks for the state's public funds, and, pursuant to an opinion of the attorney general, have refused to pay checks drawn on them, respectively, by the state treasurer, upon the ground that doubt exists as to his official status and whether he is either a *de facto* or *de jure* officer at this time, since he has not given a bond for his second term. Each of the defendants demurred generally and specially to the plaintiff's petition, the special demurrer challenging the sufficiency of the petition on the ground of defects of parties defendant, and claiming that the state of Nebraska and the surety on plaintiff's official bond are necessary parties to a proper determination of the questions presented.

It is the unanimous opinion of the court that, so far as the rights of the state to enforce any obligation of the surety on the official bond are concerned, it would not be bound by any judgment entered in this cause, since it is not a party to the action. Likewise, the surety on plaintiff's official bond would not be bound by anything this court might hold affecting the liability of the surety on plaintiff's bond, since such surety is not a party to the action.

We are of the opinion that the state and the surety on plaintiff's official bond should be made parties to this action to give this court jurisdiction to determine the questions presented. The demurrers of the several defendants are each sustained, with leave to plaintiff, if he

so elects, to file an amended petition, making the state and surety on plaintiff's official bond parties to this proceeding.

It may be necessary for the legislature, or one branch thereof, to give its consent that the state be sued before it can be made a party.