HOME DEVELOPMENT COMPANY *vs.* ERNEST DUPRE & another.

Norfolk.     April 7, 1948. — June 11, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Equity Pleading and Practice*, Parties.

A final decree dismissing the bill should not have been entered in a suit in equity involving the ownership of real estate where it appeared from a master's report that one who had not been made a party to the suit was interested and the defendants had alleged in their answer that such person was interested and should be joined as a defendant; upon appeal by the plaintiff, the decree was reversed and the suit was remanded for the purpose of joining such person as a defendant and for further hearing upon the question of his interest in the real estate.

BILL IN EQUITY, filed in the Superior Court on April 1, 1946, and afterwards amended.

Following the report of a master, an interlocutory decree confirming the report and a final decree dismissing the bill were entered by order of *Cabot*, J. The plaintiff appealed from the final decree.

*S. H. Benoit*, for the plaintiff.

*A. T. Handverger*, (*W. W. Fairbanks* with him,) for the defendants.

RONAN, J. In this bill in equity, the plaintiff seeks relief in three particulars: first, an injunction to restrain the defendants from maintaining fences along and gates across a way leading from Silver Lake Road to the westerly shore of Silver Lake, a millpond created by a dam erected in Peter's River in Bellingham, and from interfering with the

plaintiff's right to use said way; second, to require the defendants, who filled in certain land alleged to be owned by the plaintiff and placed a house thereon, to remove the building and to cease to interfere with the plaintiff's rights to said land; and, third, to compel the defendants, who filled in a part of one of the coves in the lake adjacent to the northerly parcel of uplands owned by them, (the land so filled being alleged to belong to the plaintiff and lying beyond the high water mark of the lake), and built a dwelling thereon, to remove the dwelling from this lot of land and to cease from interfering with the plaintiff's rights in this parcel of land.

The record is sufficient for a decision upon the first two branches of the relief sought but not upon the third one. The answer of the defendants alleged that one Lesieur, the owner of a certain lot, and "Virginia Morin, owner of an island in the cove," were interested in the subject matter of the suit and should be joined as parties defendant. Lesieur might be a proper party, but enough does not appear in this record to show that he is an indispensable party in the sense that no final decree granting relief to the plaintiff can be entered without adversely affecting him. See *Dietz* v. *New York Life Ins. Co.* 287 Mass. 398. The situation, however, is entirely different as to Virginia Morin, for it appears from the master's report that there was testimony indicating that, before the filing of the bill of complaint, she had acquired an interest in the lot, the ownership of which was involved in the third ground upon which the plaintiff sought relief, and it would seem that the controversy as to the ownership of this lot, which was not an island but was attached to the upland, was really between the plaintiff and her. It may be that the description of her lot as an island in the defendants' answer led the plaintiff to believe that it was not located in the locus claimed by the plaintiff and that consequently it took no steps to join her as a defendant. The master made no finding relative to her rights in the lot, probably because she was not a party to the suit. A decision on that question is necessary in order that the final decree may be complete and settle the conflicting claims

of all parties in the parcel of land which is one of the subject matters of the suit.   The rights of Virginia Morin ought not to be decided without affording her an opportunity to appear and to be heard.   The defendants do not represent her, and she ought not to be required to depend upon any defence which they might make.   The final decree is reversed and the suit is remanded to the Superior Court for the purpose of joining her as a party defendant and for further hearing upon her alleged ownership of the lot in question.   *Sears* v. *Hardy,* 120 Mass. 524, 529–530.   *Cassidy* v. *Shimmin,* 122 Mass. 406.   *Lawrence* v. *Smith,* 201 Mass. 214.   *Bauer* v. *Mitchell,* 247 Mass. 522.   *Martin* v. *Smith,* 280 Mass. 101, 106.   *Bayer & Mingolla Construction Co. Inc.* v. *Streeter,* 318 Mass. 311, 312.

*So ordered.*