NETA D. REDICK ET AL., APPELLEES, V. PEONY PARK, A
CORPORATION, APPELLANT.
37 N. W. 2d 801

Filed June 3, 1949.   No. 32609.

*James E. Bednar,* for appellant.

*Monsky, Grodinsky, Good & Cohen,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiffs brought this action seeking a declaratory judgment as to their rights, status, and legal relations with the defendant with regard to a contract entered into by defendant with John and Dorothy Mach. Trial was had resulting in a decree that the contract involved was not a covenant running with the land and was not binding on the plaintiffs or any grantees of plaintiffs; that the contract being in restraint of trade was void as against public policy and for the purpose of suppressing competition in a lawful business; that the contract was void for want of and failure of consideration; and that the plaintiffs' property was free of any burdens of the contract and not encumbered in any manner by it. We reverse the judgment and remand the cause for failure of necessary parties.

So far as necessary for our determination here, there is no material dispute in the record.

In 1939, the defendant was the owner of some 34 acres of land generally in a rectangular tract, lengthwise to the east and west, in the city of Omaha. John and Dorothy Mach (hereinafter referred to as Mach) were the owners of 15 lots contiguous to and immediately south of the land of defendant. The larger rectangular piece of land formed by the two tracts was bisected by a highway running generally from the southeast corner of the Mach land in a northwest direction across the Mach land and the southwest part of the defendant's land, with the result that both Mach and defendant owned land on each side of the highway. The east part of the two tracts was lower and the land to the west part higher than the grade of the highway.

On March 25, 1939, the defendant and Mach entered into a writing, termed a "Restriction Agreement" which, among others, contained the following provisions: "IT IS THEREFORE understood and agreed by and between all the parties hereto that any buildings or improvements erected or constructed by them or by either of them on land belonging to them or to either of them within the area hereinabove last designated, for commercial or semi-commercial purposes or for business purposes, other than residences, shall be of fire proof or semi-fire proof construction (brick, brick veneer, stucco or stone) and shall be in keeping with and conformable to the class and character and kind of improvements and buildings now erected and maintained on land of The Tower Tourist Village, immediately East of said triangle, so far as construction is concerned. * * *

"All parties hereto agree not to use any land owned by them or by either of them within the area above described from Underwood Avenue to Dodge Street and from 82nd to 84th Street, for purposes of a tourist camp, tourist apartments or dance hall, nor for any unlawful purpose, nor in any way or manner which would injure or reflect on the credit or reputation of the neighborhood. This restriction does not prohibit dancing where it is incidental to another business, nor does it prohibit the sale of beer or liquor.

"The terms and convenants (sic) contained herein to extend and be binding on the parties hereto, their heirs, executors, administrators, agents, personal representatives, lessees, grantees, successors and assigns for a period of 15 years from date hereof, (sic)  In the event of a sale or lease of any portion of the premises which are subject to these restrictions, an appropriate clause or provision shall be contained in such deed or lease, embodying (sic) the substances of the restrictions and convenants (sic) herein contained, and in the event of failure or oversight to insert such provision in such deed or lease this instrument to operate in lieu thereof."

At the same time defendant and Mach entered into a contract with a contractor for the grading and leveling of the land. That work was done in 1939.

In January 1946, Mach began negotiations to sell his land lying south of the highway to the plaintiffs. Mach undertook to secure a release of the restriction agreement and defendant refused. Plaintiffs were advised of the restriction agreement.

On February 6, 1946, plaintiffs entered into a contract of purchase with Mach, who agreed to convey to plaintiffs, subject to building restrictions or easements then of record "and particularly subject to the restrictions stated and provided for in a certain agreement executed by and between the first parties (Mach) and Peony Park, a corporation, on March 25, 1939, * * *." Thereafter plaintiffs made tentative plans for the construction of improvements on the land and undertook to secure their approval by the defendant. Defendant did not approve.

By plat filed in April 1946, defendant subdivided its property into lots and blocks and on January 23, 1947, filed in connection therewith protective covenants "to run with the land" limiting the use to residential purposes. Defendant constructed a number of residences on the property and at the time this cause was tried had sold seven lots and residences. The evidence does not disclose the names of these purchasers nor when or under what conditions the sales were made.

The evidence also discloses that there is a corporation known as Tower Tourist Village which at all times mentioned herein owned and operated a business related primarily to tourist accommodations on land immediately to the east of defendant's land. There also is evidence that the control of Tower Tourist Village is vested in the same ownership that controls the defendant corporation.

There is evidence that Mach remains the owner of that part of his land to the north of the highway.

Plaintiffs brought this action against the defendant.

Plaintiffs alleged that they had an equitable title to that part of the Mach land lying south of the highway and set out the purported agreement between Mach and defendant. They further alleged that certain of defendant's stockholders were interested in Tower Tourist Village, a corporation; that the contract between Mach and defendant had for its purpose suppressing competition against Tower Tourist Village and giving it a monopoly in the business of renting furnished apartments; that Mach owned his land independent of defendant; that when the contract was entered into defendant did not sell anything of value to Mach, or Mach to defendant; that the provisions of the contract gave no benefit to any land described therein; that plaintiffs intended to build an apartment hotel on the premises and not a tourist camp or tourist apartments, although they did not expect to turn away tourists; that defendant objected to the construction thereof as in violation of the agreement, contending that it was a covenant running with the land; that plaintiffs contended that they were not bound by the agreement; that it was one in restraint of trade and void; that their proposed construction would not violate the agreement; and that defendant threatened injunction proceedings.

Plaintiffs prayed for a declaration of rights, for a declaration that their proposed plans did not violate the agreement; that the contract was not a covenant running with the land; that it was void; and that defendant had no right to interfere with the development.

Defendant answered, admitting plaintiffs' equitable title and the execution of the contract, and denying generally. Defendant further answered, alleging a good and valuable consideration for the contract which had been had and received by Mach; denying that the contract was one in restraint of trade or to give Tower Tourist Village a monopoly or suppress competition. Defendant alleged that plaintiffs' proposed construction would be violative of the contract; that the proposed construction would damage and hinder the development and sale of defend-

ant's land; and that plaintiffs purchased with full knowledge of and were bound by the contract, and prayed for a dismissal. Trial was had with the result above indicated.

At the beginning we are confronted with defendant's contention that the trial court erred in rendering a declaratory judgment because all interested persons were not made parties. Defendant relies upon section 25-21,159, R. S. 1943, which is in part as follows: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Defendant also relies upon section 25-21,154, R. S. 1943, which is: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

Plaintiffs counter with two contentions: First, that under rule 8 a 2 (4) of this court, the consideration of the cause is limited to errors assigned and discussed; second, that under sections 25-806 and 25-808, R. S. 1943, objections as to parties not raised by either demurrer or answer are deemed waived.

As to the first contention, plaintiffs overlook the concluding sentence of the rule: "However, the court may, at its option, notice a plain error not assigned."

Defendant assigns as error that the decree is contrary to law. Its first proposition of law is: "Declaratory judgments apply only to actions where there are justiciable issues, and all persons interested are made parties." Defendant begins its argument with "Appellant contends the court erred in rendering a declaratory judgment because the petition and evidence present no justiciable issues, and all interested persons are not made parties."

The rule upon which plaintiffs rely is one designed to assist the parties and the court in determining the issues

to be considered. It is not designed to prevent the determination of issues by a technical construction of the rule. We have the full right to consider the error argued under the rule.

This brings us to the contention of defendant as met by the second contention of plaintiffs.

Section 25-21,159, R. S. 1943, puts the duty upon the plaintiffs in the first instance of joining as parties all persons who have or claim any interest which would be affected by the declaration. To insure that joinder it provides no declaration shall prejudice the rights of persons not parties to the proceedings, and likewise section 25-21,154, R. S. 1943, provides that the court may refuse to render a declaratory judgment when to do so would not terminate the uncertainty or controversy giving rise to the proceeding.

It is the established rule that "The Declaratory Judgments Act is applicable only where there is a present actual controversy and all interested persons are made parties, and only where justiciable issues are presented." Miller v. Stolinski, 149 Neb. 679, 32 N. W. 2d 199. We have made application of this rule denying declaratory judgments in a number of decisions.

In Updike Investment Co. v. Employers Liability Assurance Corporation, 128 Neb. 295, 258 N. W. 470, we stated the rule as follows: "An action to secure a declaration of rights is designed to terminate a controversy so far as it relates to the parties and facts giving rise thereto, and courts should, under most circumstances, dismiss such an action without prejudice, whenever all parties, whose claims gave rise to the controversy and whose rights upon such claims would be adjudicated by the declaration sought, had they been a party to the action, have not been impleaded." In that action a declaratory judgment was entered to the effect that an insurance company was not obliged to defend an action brought by an employee of the plaintiff and would not be obligated to reimburse plaintiff for any sums that

might be recovered by plaintiff. We reversed that judgment because of the lack of a necessary party. The necessary party was the injured employee who was not a party to the contract, but who might have a cause of action under the provisions of the policy. We held that any declaration of rights would not be res adjudicata as to the employee, she not being a party to the action.

In Hall v. United States Nat. Bank, 128 Neb. 254, 258 N. W. 403, an original action in this court by the State Treasurer to determine his rights and status under his official bond, we sustained demurrers for the reason that the state and the surety on the plaintiff's bond were necessary parties to give the court jurisdiction to deter-mine the questions presented as to the duty of deposit banks to pay checks drawn by the State Treasurer.

In Dobson v. Ocean Accident & Guarantee Corporation, 124 Neb. 652, 247 N. W. 789, the administratrix of an employee of plaintiffs secured judgment against the city of Gillespie, Illinois. Plaintiffs had a policy of insurance with defendant. Plaintiffs sought a declaratory judgment that if they were liable to the city, defendant was liable to protect the plaintiffs. The trial court denied the judgment and we affirmed, holding that "* * * the trial court in this case had no jurisdiction to determine any controversy between plaintiffs and the city of Gillespie, because the city is not a party to this action. No judgment rendered by this court would be binding upon the city, and if not binding upon the city, neither would it be binding upon the plaintiffs with respect to any liability claimed against them by the city. Hence, it follows that, had the trial court attempted to render a judgment in conformity with the prayer of plaintiffs' petition, it would not terminate the uncertainty or controversy." We cited with approval this statement: " 'There must be an actual and bona fide controversy as to which the judgment will be res adjudicata. Such a case requires that all the interested parties shall be before the court.' "

In Southern Nebraska Power Co. v. Village of Deshler, 130 Neb. 133, 264 N. W. 462, an action was brought seeking a declaratory judgment that an ordinance was void. Only one member of the village board was made a party. We held: "* * * the trial court in this case had no jurisdiction to determine any controversy between the plaintiff and the members of the village board of Deshler, because the members of the board are not parties to this action."

In Wood Realty Co. v. Wood, 132 Neb. 817, 273 N. W. 493, one of the parties sought a declaratory judgment as to its authority under certain contracts. Some of the interested parties to the contracts were not parties to the action. The trial court declined to rule and we affirmed, holding that "It is well-settled law that the statute authorizing a declaratory judgment is applicable only where all interested persons are made parties to the proceeding."

Our holdings are in accord with the general rule. See, 16 Am. Jur., Declaratory Judgments, § 55, p. 327, § 61, p. 330; 1 C. J. S., Actions, § 18, p. 1048.

We call attention to two recent cases in other jurisdictions. In Conley v. Union County Peoples' Utility Dist. (Or.), 187 P. 2d 150, the court declined to discuss the terms and conditions of a contract where one of the parties to the contract was not a party to the proceedings, and said: "Even the Declaratory Judgment Act has its limitations. The Act does not contemplate the adjudication of interests of a party over which the court has no jurisdiction."

In United Slate Workers Assn. v. United Brotherhood of Carpenters, 185 Md. 32, 42 A. 2d 913, a declaratory judgment was sought construing certain contracts involving the jurisdiction of the unions. Adversary parties were before the court as parties. Other parties to the contract were not parties to the action. The court denied a declaratory judgment on the ground that all the parties to the contract were not before the court.

Plaintiffs contend that defendant has waived that question under sections 25-806 and 25-808, R. S. 1943. Plaintiffs invoke the provisions of the Uniform Declaratory Judgments Act. Section 25-21,159, R. S. 1943, is a part of that act, which is complete within itself. It controls over the general provisions, the rule being that "Specific statutory provisions relating to a particular subject control over general provisions and other parts of the law which otherwise were broad enough to cover the subject and generally where there is a conflict between the two the special will prevail." Canada v. State, 148 Neb. 115, 26 N. W. 2d 509.

As above recited we have held that the presence of necessary parties was jurisdictional in this class of cases, and that is a matter which the parties cannot waive.

In Holland v. Flinn, 239 Ala. 390, 195 So. 265, the action involved the question as to whether or not a deed conveyed a fee simple title. The title of the grantor was brought in question and the construction of a will was presented. Both parties sought a declaratory judgment, one contending and the other denying that a fee simple title had been conveyed. The question of necessary parties was not raised either in the trial court or on appeal by either party. Remaindermen named in the will were not parties. The Supreme Court raised the question on its own motion. The court held that the remaindermen were necessary parties and their presence jurisdictional. The court said: "No matter what may be the wishes of the parties in court the courts will not entertain and render decrees, which, for want of necessary parties, cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law."

The question then is, are there parties, disclosed by this record, who have not been joined as parties to the action, whose absence prevents the granting of the

declaratory judgment under the rules and decisions here discussed?

The record is clear that Mach is a party to the contract which plaintiffs seek to have construed and declared void. Mach owns land involved in the contract. A declaratory judgment by this court such as plaintiffs seek would be a precedent applicable to his rights and liabilities under the contract contrary to the statutory provision that no declaration shall prejudice the rights of persons not parties to the proceeding. Such a declaration, however, would not be res adjudicata as to him and would not terminate any uncertainty or controversy that he might wish to assert against either plaintiffs or defendant, or they against him. The absence of Mach as a party renders necessary a reversal of the judgment of the trial court and a denial of the declaratory judgment sought.

The situation presented as to Tower Tourist Village presents a comparable situation. Plaintiffs alleged facts, the effect of which was to say that the contract involved was one made for the benefit and advantage of Tower Tourist Village. Plaintiffs offered evidence to sustain those allegations. Tower Tourist Village, therefore, on plaintiffs' own allegations and evidence had an interest which would be affected by the declaration, yet it is not made a party. Under these circumstances the failure to make Tower Tourist Village a party requires a reversal of the judgment of the trial court, and a denial of the declaratory judgment sought.

The situation as to the grantees of the defendant is different. Whether or not they have or claim any interest which would be affected by the declaration is not clear. The plaintiffs have the duty to determine that question initially. If they are not made parties and if, upon another trial of this action, it develops that they have or claim such an interest that they should be made parties, the court, consistent with the provisions of section 25-323, R. S. 1943, must order them brought

in and likewise refuse to enter a declaratory judgment until that has been done.

The judgment of the district court is reversed and the cause remanded with directions to dismiss the cause without prejudice in case Mach and Tower Tourist Village are not made parties to the action within a time to be fixed by the district court.

REVERSED AND REMANDED WITH DIRECTIONS.