MERLE HAYNES ET AL., APPELLANTS, V. VICTOR E. ANDERSON AS GOVERNOR OF THE STATE OF NEBRASKA ET AL., APPELLEES.

77 N. W. 2d 674

Filed June 29, 1956.   No. 34024.

*Harry N. Larson* and *Doyle, Morrison & Doyle,* for appellants.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action instituted by Merle Haynes, an elector, taxpayer, resident, and Mayor of South Sioux City,

Nebraska; John D. Forsyth, a resident, elector, taxpayer, and chairman of the board of supervisors of Knox County, Nebraska; Doyle Hanson, a resident, elector, taxpayer, and chairman of the board of supervisors of Dixon County, Nebraska; John Kinney, a resident, elector, and taxpayer of the city of Wakefield, Dixon County, Nebraska; Joseph Beckenhauer, a resident, elector, and taxpayer of Dixon County, Nebraska; the city of Wakefield, Nebraska; and the Northeast Nebraska Rural Public Power District, plaintiffs and appellants, against Victor E. Anderson, L. N. Ress, and Clarence S. Beck, respectively Governor, State Engineer, and Attorney General of the State of Nebraska, defendants and appellees.

By the action the plaintiffs seek, under the Uniform Declaratory Judgments Act, to have declared unconstitutional, null, and void Legislative Bill No. 187 (§§ 39-1301 to 39-1362, R. S. Supp., 1955), which was enacted by the Sixty-seventh Session of the Legislature of Nebraska and which, if valid as law, became effective on the 18th day of September 1955.

To the petition of plaintiffs the defendants filed an answer and later an amended answer. Issues were joined by reply. After joinder of issues the case was tried to the court, after which a decree was rendered whereby the issues were adjudicated in favor of defendants and the action was accordingly dismissed. The plaintiffs filed a motion for new trial which was overruled. From the decree and the order overruling the motion for new trial the plaintiffs have appealed.

In their brief the plaintiffs have set forth six assignments of error which they contend are grounds for reversal of the decree rendered. Before, however, these assignments of error may be considered the question of whether or not this action may be maintained by plaintiffs must be considered and determined.

The defendants contend that it may not be maintained. Grounds asserted as a basis for this contention are substantially that there are no proper parties plaintiff; that

there is a lack of necessary parties defendant; and that no justiciable issue is presented for determination.

In the light of this contention it becomes necessary to ascertain the extent to which the Uniform Declaratory Judgments Act is available. The act appears as section 25-21,149, R. S. Supp., 1955, and sections 25-21,150 to 25-21,164, R. R. S. 1943.

Section 25-21,149, R. S. Supp., 1955, generally empowers courts of record to render declaratory judgments.

Section 25-21,154, R. R. S. 1943, is as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

It is observable that this provision by its terms indicates discretionary rather than mandatory power. The decisions of this court appear to treat the power as discretionary within the limits of the section. Smithberger v. Banning, 130 Neb. 354, 265 N. W. 10; Arlington Oil Co. v. Hall, 130 Neb. 674, 266 N. W. 583; Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801.

Section 25-21,159, R. R. S. 1943, relates to the question of parties to a declaratory judgment action. The portion of the section of consequence here is the following: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

It is observable that the terms of this provision are mandatory, and this court has held that they are to be so regarded. In Wood Realty Co. v. Wood, 132 Neb. 817, 273 N. W. 493, it was said: "It is well-settled law that the statute authorizing a declaratory judgment is applicable only where all interested persons are made parties to the proceeding." See, also, Redick v. Peony Park, *supra;* Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808; Nebraska Seedsmen Assn. v. Depart-

ment of Agriculture & Inspection, 162 Neb. 781, 77 N. W. 2d 464.

As to the power of the court to render a judgment on the combined question of parties and issues this court has said: "The requisite precedent conditions of obtaining declaratory relief are: That a controversy exists in which a claim is asserted against one who has an interest in contesting it; that the controversy is between persons whose interests are adverse; that the parties seeking declaratory relief must have a legally protectible interest or right in the controversy; and that the issue involved is capable of present judicial determination." Schroder v. City of Lincoln, *supra.* See, also, Nebraska Seedsmen Assn. v. Department of Agriculture & Inspection, *supra.*

It then becomes necessary to examine the record in order to ascertain whether or not within the meaning of these rules a declaratory judgment may properly be rendered.

As already pointed out the action is to have declared unconstitutional, null, and void Legislative Bill No. 187 enacted by the Sixty-seventh Session of the Legislature of Nebraska with September 18, 1955, the effective date thereof. The grounds upon which it is contended that the bill is unconstitutional are not important at this point in this opinion.

By the bill an integrated system of state highways was defined and established. It is the contention of plaintiffs that this definition and establishment of the entire state highway system is unconstitutional.

After the bill became effective, as is shown by the pleadings and the evidence, the State of Nebraska entered into contracts with various contractors for construction and improvements on this system. The total obligation of the state to the contractors on these contracts amounts to more than four and one-half million dollars. In direct and practical application the plaintiffs by their action seek to have each and all of these contracts de-

clared null and void and thus prevent the contractors from performance under their contracts and from recovery thereon from the State of Nebraska.

More elaborately than previously stated it is a contention of defendants that there are not proper parties plaintiff for the purpose of maintenance of the action.

This contention of defendants is without substantial merit. While it may be true that the city of Wakefield and the Northeast Nebraska Rural Public Power District have no such interest as to permit them to maintain the action, a question which is not decided, this may not be said as to the other plaintiffs. The other plaintiffs have become plaintiffs as taxpayers of the state. As such they were and are proper plaintiffs.

In Woodruff v. Welton, 70 Neb. 665, 97 N. W. 1037, it was said: "A resident taxpayer, without showing any interest or injury peculiar to himself, may enjoin illegal expenditures by a public board or officer." This statement was made in reference to a transaction within a county. However in Fischer v. Marsh, 113 Neb. 153, 202 N. W. 422, a case involving state funds, the quotation was treated as applicable. Again in Rein v. Johnson, 149 Neb. 67, 30 N. W. 2d 548, the principle was reannounced.

The same may not be said as to parties defendant. The subject of the audit and allowance of claims against public funds is inevitably of vital concern under the issues presented. The functions in this connection are those of the Auditor of Public Accounts. See, §§ 84-302 and 84-303, R. R. S. 1943; § 84-304, R. S. Supp., 1955. Clearly under the rules cited he was a necessary party. The State Treasurer was no less a necessary party, since all payments must be made out of funds over which he has exclusive control. See § 84-602, R. R. S. 1943.

As has been pointed out the declaration which the plaintiffs seek would have the effect of invalidating 30 contracts between the State of Nebraska and 16 contractors for the construction upon the defined highways. Yet none of them was made a party to this action. These

were necessary parties. This conclusion clearly conforms to the result of the analysis of the statute relating to necessary parties appearing in Redick v. Peony Park, *supra*, from which we are unwilling to depart.

In the light of this, necessity does not arise for consideration of the defendants' contention that no justiciable issue was presented for consideration, or for a consideration of the plaintiffs' assignments of error. It becomes necessary to say only that necessary parties were not made parties defendant, hence plaintiffs could not properly maintain the action. On that ground the adjudication of the district court in dismissing the action is affirmed.

AFFIRMED.