CITY OF LYONS, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, v. ROBERT C. BETTS ET AL., APPELLANTS.

171 N. W. 2d 792

Filed November 7, 1969. No. 37268.

Yost & Yost, for appellants.

John A. Young and Moodie & Moodie, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action instituted for the purpose of enjoining the operation of a hog raising and feeding setup alleged to constitute a nuisance and to be operated contrary to city ordinances. The cause was tried to the court and decree entered for plaintiff. We affirm the judgment of the district court.

On January 14, 1954, defendants entered into the business of selling Purina livestock feeds in the city of Lyons, Nebraska, a city of the second class. At that time they owned property which contains 2 acres and is now described as Lots 12 and 13 in Highway Addition to the city of Lyons, but which was then outside the city limits. On this property, defendants farrowed, raised, and fed out hogs, apparently as an activity ancillary to and partially connected with their feed business. The feed business was handled at a different location in the downtown area. In July 1963, defendants installed a 36 x 18 foot building over one corner of a lagoon. The lagoon was approximately 5 feet deep, 56 feet wide, and

90 feet long. It was filled with water and although the water level varies, it has never been less than 3 feet deep, is supplied by rains, and occasionally overflows. It is generally conceded that there is a more or less disagreeable odor resulting from this operation. Defendants' evidence indicates the odor is present only following rains or atmospheric changes and can only be detected for a distance of 1 to 2 city blocks. Plaintiff's evidence is to the effect that the odor is constant, can be detected up to ½ mile away, is at times more noticeable than on other occasions, and is offensive to all who live in or pass through the neighborhood.

Highway Addition lies between the original city and U. S. Highway No. 77 to the east. The principal highway into the city runs on the north edge of the addition and of defendants' property. There are, in the addition, several residences, a filling station, a cafe, and a commercial trucking firm. To the north is another tract in the process of being annexed to the city. Across the highway to the east is a John Deere Implement business, an enclosed chicken-raising establishment, a motel, an open hog yard, and a residence. To the south is an area containing an elevator and several homes at two or three of which locations livestock is raised or fed. Still further south is a new nursing home and a tract being subdivided. Highway Addition was annexed by ordinance No. 300, passed and approved on November 3, 1964. Another ordinance forbids the keeping of livestock within the city limits.

Section 28-1016, R. R. S. 1943, defines nuisances in part as follows: "The erecting, continuing, using or maintaining of any building, structure or other place for the exercise of any trade, employment, manufacture or other business which, by occasioning noxious exhalations, noisome or offensive smells, becomes injurious and dangerous to the health, comfort or property of individuals or the public; * * * shall be deemed nuisances." A city of the second class may maintain an action in equity to

enjoin the maintenance of a nuisance. See, § 17-123, R. R. S. 1943; Village of Kenesaw v. Chicago, B. & Q. R.R. Co., 91 Neb. 619, 136 N. W. 990. This power extends to a nuisance maintained outside the corporate limits of the municipality. See City of Syracuse v. Farmers Elevator, Inc., 182 Neb. 783, 157 N. W. 2d 394. In this regard it may be pointed out that section 17-121, R. R. S. 1943, provides that a city of the second class may: "* * * suppress, and prevent the occurrence of nuisances and enforce all laws of the state * * * relating to the same or to matters of sanitation of such city." Section 28-1016, R. R. S. 1943, is a general statute defining and forbidding the maintenance of nuisances, including those occasioned by offensive smells, whether in or out of municipal limits. This is one of the laws which the preceding statute specifically authorizes a city of the second class to enforce.

In view of the foregoing, it is apparent that plaintiff was acting within the powers conferred upon it and whether or not the ordinance annexing Highway Addition was constitutional is immaterial.

Defendants contend that they have what is sometimes referred to as a "grandfather right" to continue to operate their livestock business at its present location. It may be pointed out that the city of Lyons was in existence long before defendants commenced operations and the evidence shows that many of the homes and businesses were in the area prior to the institution of defendants' confinement feeding system. Were "grandfather rights" to be recognized under such circumstances, the orderly growth of all municipal corporations would be jeopardized. Defendants are not being deprived of their property. Its use is simply being restricted to prevent the maintenance of a nuisance. Ordinarily a property owner does not have and cannot acquire a vested right, or a constitutional privilege, to maintain or continue a nuisance. See Sarraillon v. Stevenson, 153 Neb. 182, 43 N. W. 2d 509.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.