CITY OF OMAHA, APPELLEE, v. ARTICE DANNER, APPELLANT,
IMPLEADED WITH JOSEPH A. HOFFMAN ET AL., APPELLEES.
185 N. W. 2d 869

Filed April 16, 1971.   No. 37714.

Paul E. Watts and Samuel A. Boyer, Jr., for appellant.

Herbert M. Fitle and James E. Fellows, for appellee City of Omaha.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The district court found that use of the land and building located at 2602 O Street, Omaha, constituted a public nuisance.  It authorized plaintiff City of Omaha to padlock the building for 6 months, enjoining defendants from using the property during the period.  It permanently enjoined (1) Artice Danner from using the

property for business purposes and (2) other defendants from using the property as long as Danner used it under a tenancy. Danner appeals. He contends: (1) Plaintiff is not a proper party in equity to abate a public nuisance without special damage; (2) there was nonjoinder of an indispensable party; and (3) the decree was too harsh.

Judgment went by default against all defendants except Danner, and on appeal no one has appeared for any other defendant. Record title to the property was vested in 10 defendants named Hoffman, Rohmeyer, Baudo, Drabek, Hetmanek, Blessie, and Smith. None of them was in actual possession.

Danner, either as an individual or as a representative, had the actual possession. He held city permits in his individual name, but he may have been acting as president of The Brotherhood Club, a nonprofit fraternal organization. Admission to the building was gained by a card that read: "MEMBERSHIP CARD . . . Donation $1.50 . . . BROTHERHOOD CLUB . . . Artice Danner, President . . . Everyone Must be Searched . . . Good for 30 days only." Nothing indicated what interest Danner or the club possessed in the property. The club was not a party defendant, the omission going unmentioned in the trial court.

A public nuisance on the property arose over a long period of time from these activities: Sales of beer and alcoholic liquor after hours and without a license, gambling with dice on pool tables, and solicitations by prostitutes. The lieutenant in charge of the vice detail of the Omaha police force named the property one of four trouble spots in South Omaha. The degree of police surveillance and the frequency of arrests there ran high.

Plaintiff, a city of the metropolitan class, possesses statutory authority to sue and to suppress nuisances. It may make ordinances, bylaws, rules, regulations, and resolutions not inconsistent with state law for promoting public safety, morals, and welfare of its inhabi-

tants. §§ 14-101, 14-102.01, and 14-103, R. R. S. 1943. The Legislature has impliedly empowered plaintiff to obtain a decree in equity abating a public nuisance without special damage to plaintiff. Cf. City of Lyons v. Betts, 184 Neb. 746, 171 N. W. 2d 792 (1969); Village of Kenesaw v. Chicago, B. & Q. R.R. Co., 91 Neb. 619, 136 N. W. 990 (1912).

Danner contends the club was an indispensable party. The applicable rules are settled. When a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in. § 25-323, R. R. S. 1943. Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their rights, or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience. Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630 (1956). Without additional facts in an equity suit to abate a public nuisance, possession of property owned by another may be insufficient to constitute the possessor an indispensable party. Cf. State ex rel. Lamey v. Young, 72 Mont. 408, 234 P. 248 (1925). In this suit the club was not an indispensable party.

The remedy in equity is purely preventive. The chancellor does not punish a defendant for what he has done; that is left to criminal courts. State ex rel. Hunter v. The Araho, 137 Neb. 389, 289 N. W. 545 (1940). The decree relating to Danner was broad. However, he had demonstrated a proclivity for maintaining this public nuisance. Effective prevention demanded strong measures. The decree was correct.

AFFIRMED.