RICHARD SHEPOKA ET AL., APPELLEES, v. ED KNOPIK ET AL., APPELLANTS.
250 N. W. 2d 619

Filed February 16, 1977. No. 40730.

Philip T. Morgan of Morgan & Morgan, for appellants.

Norman Krivosha of Ginsburg, Rosenberg, Ginsburg & Krivosha and Douglas L. Curry, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This is an appeal from a summary judgment entered by the District Court for Nance County in an action brought under the Nebraska Uniform Declaratory Judgments Act, sections 25-21,149 to 25-21,164, R. R. S. 1943. The sheriff and other officials of Nance County brought the action against the members of the Nance County board of supervisors, individually and in their official capacity as the county board of supervisors of Nance County, to obtain a declaration of their rights against that board and its members for its failure to pay to the plaintiffs a certain cost of living increase allegedly due them under a resolution of the board adopted on December 11, 1973, and later modified as to the effective date of such increase by a resolution adopted on December 17, 1974.

So far as disclosed by the record before us, only the defendants filed a motion for summary judgment; but after hearing, the court awarded summary judgment to the plaintiffs. No bill of exceptions has been filed in this case, and, according to an affidavit of the court reporter, no evidence was taken in the District Court. The parties entered into a stipulation of facts, which appears in the transcript, but there is nothing in the record before us to indicate that the stipulation of facts was offered and received in evidence at the hearing. The rule is well established that in order that a stipulation of facts may be considered on appeal, such stipulation must be identified and offered in evidence on the trial of the case and preserved in a bill of exceptions. Higgins v. Postal Life & Cas. Ins. Co., 161 Neb. 278, 73 N. W. 2d 175 (1955).

Nevertheless, we conclude that the disposition of this appeal involves a question of law, rather than questions of fact. It is obvious from the face of the petition that Nance County was not made a party defendant in this action for declaratory judgment. Defendants contend on appeal, as they did in their answer and also in their motion for a new trial, that the County of Nance is a necessary party in this case. We agree, and reverse and remand. This court has held that an action against the board of supervisors of the county does not make the action one against the county. Jameson v. Plischke, 184 Neb. 97, 165 N. W. 2d 373 (1969). To make Nance County a proper party defendant in this action it would be necessary to comply with the requirements of section 23-101, R. R. S. 1943, which provides: "Each county, established in this state according to the laws thereof, shall be a body politic and corporate, by the name and style of The county of ―――――――――――――, and by that name may sue and be sued, plead and shall be impleaded, defend and be defended against, in any court having jurisdiction of the subject matter, either in law or equity, or

other place where justice shall be administered." It is clear that Nance County was not joined as a party defendant in this case.

We now consider whether Nance County was a necessary party to the action involved herein. Section 25-21,159, R. R. S. 1943, provides that when "declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Nebraska cases are clear in holding that the statute authorizing a declaratory judgment is applicable only where all interested persons are made parties to the proceedings. Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801 (1949); Berigan Bros. v. Growers Cattle Credit Corp. of Omaha, 182 Neb. 656, 156 N. W. 2d 794 (1968); Marsh v. Marsh, 173 Neb. 282, 113 N. W. 2d 323 (1962); Haynes v. Anderson, 163 Neb. 50, 77 N. W. 2d 674 (1956). In Redick, the court found that a party to a contract which was to be interpreted in the declaratory judgment action was a necessary party to the action, and must be impleaded before the action could proceed. The court noted that the presence of necessary parties is a jurisdictional matter, stating: "* * * we have held that the presence of necessary parties was jurisdictional in this class of cases, and that is a matter which the parties cannot waive." In Redick the court followed prior cases in stating that declaratory judgment actions are designed to terminate a controversy so far as it relates to the parties, and courts should, under most circumstances, dismiss such an action without prejudice whenever all parties, whose claims gave rise to the controversy and whose rights upon such claims would be adjudicated by the declaration sought, had they been a party to the action, had not been impleaded. 151 Neb. at 448.

In City of Omaha v. Danner, 186 Neb. 701, 185 N. W. 2d 869 (1971), the court stated: "Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have

an interest of such a nature that a final decree cannot be made without affecting their rights, or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience." Also, in Ohmart v. Dennis, 188 Neb. 260, 196 N. W. 2d 181 (1972), we held that indispensable parties to a suit are those who have such an interest in the controversy that the court cannot render a final decree without affecting their interests.

Under the foregoing rules, the County of Nance is undoubtedly an indispensable party in this case. The question is whether the County of Nance not only has an interest in the subject matter of this case, but also has an interest of such a nature that a final decree cannot be made without affecting its rights, or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience. City of Omaha v. Danner, *supra*. The County of Nance would certainly appear to have an interest in the result of this case, for it, ultimately, pays the salaries of its officials, and the outcome of this case will determine whether salaries for 1975 shall include or exclude a cost of living increase. Thus the relief granted in this case by the District Court, which included ordering the defendants to pay the cost of living increase in 1975 pursuant to the first resolution, affects the amount of money the County of Nance must pay to its officials in salary. The obvious result of plaintiffs' success in this action is the requirement that they be paid by the County of Nance, through the board, the salaries to which they are entitled.

The case of Hall v. United States Nat. Bank, 128 Neb. 254, 258 N. W. 403 (1935), is enlightening. That case involved an action by the State Treasurer against certain banks which, because of the treasurer's failure to give a new official bond on his second term, refused to honor his checks. The treasurer prayed for a declaration that he was a de jure officer. The action was dis-

missed, because the court considered that both the state and the surety should be bound by the judgment and yet had not been made parties.

Also persuasive on the question before us is the case of Kilroy v. O'Connor, 324 Mass. 238, 85 N. E. 2d 441 (1949), which involved the refusal of a county treasurer to pay the salary of a defendant county commissioner, except on orders drawn on him and signed by the remaining county commissioners, because the treasurer doubted the validity of defendant's appointment. The county treasurer brought an action for a declaratory decree adjudicating the defendant's right to hold the office of county commissioner. In its opinion the court stated: "The county of Bristol is not a party. The due and proper administration of the business of the county by the board of county commissioners and the disbursement of county funds in accordance with law are matters in which the county has a great, if not an exclusive, interest. The suit directly concerns the management of the affairs of the county and the payment of its funds. It is plain that the county should have been made a party. Bauer v. Mitchell, 247 Mass. 522, 525, 526. Martin v. Smith, 280 Mass. 101, 106. Home Development Co. v. Dupre, 323 Mass. 98, 99-100." In discussing the Massachusetts declaratory judgment law, which is similar to the Nebraska act, the court also stated: "One of the principal purposes of the declaratory judgment law, G.L. (Ter. Ed.) c. 231A, is to settle completely the controversy submitted for decision. To that end, it is provided in § 8 that 'When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.' This purpose of the declaratory procedure is further emphasized by § 3, which provides that the court may 'refuse to render or enter a declaratory judgment or decree where such judgment or decree, if

rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons.' It was said in Manhattan Storage & Warehouse Co. v. Movers & Warehousemen's Association of Greater New York, Inc., 289 N. Y. 82, 88, that a declaratory action serves a legitimate purpose where all the parties in interest are before the court but 'As to persons who are not parties a declaratory judgment would be a mere academic pronouncement without juridical consequence, but which might be embarrassing if attempt is made thereafter to enforce these rights in legal proceedings to which they are parties. A court may, and ordinarily must, refuse to render a declaratory judgment in such case.' The absence of the real parties in interest prevents the court from entering a decree which will be adequate and effective in finally settling the question as to the right of the defendant to occupy the office of county commissioner."

In this regard it should also be noted that section 25-323, R. R. S. 1943, provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." To the same effect, see, Midwest Laundry Equipment Corp. v. Berg, 174 Neb. 747, 119 N. W. 2d 509 (1963); Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533 (1944).

Our conclusion is, therefore, that the County of Nance was a necessary and indispensable party to the declaratory judgment action filed by plaintiffs, and that under the authorities cited above, the county should have been impleaded, or the District Court should have ordered it to be made a party to the action.

We reverse the judgment and remand the cause for the purpose of affording an opportunity to add the County of Nance as a party defendant, if it is desired

that this be done. In the event of a trial thereafter on the merits, a proper bill of exceptions could be prepared and included in the record in the event of a subsequent appeal to this court.

In view of our disposition of this appeal we need not reach the other issues raised by the defendants.

REVERSED AND REMANDED.