RICHARD SHEPOKA ET AL., APPELLANTS, v. ED KNOPIK ET AL., APPELLEES.

272 N. W. 2d 364

Filed December 6, 1978. No. 41986.

Ginsburg, Rosenberg, Ginsburg & Krivosha, and Douglas L. Curry, for appellants.

Philip T. Morgan of Morgan & Morgan, for appellees.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This was an action for a declaratory judgment to determine the validity and meaning of a resolution of the county board of Nance County, Nebraska, fixing the salaries for county officers for 1975 and following years. The plaintiffs are elected officers of Nance County or their deputies. The defendants are the members of the county board and the county.

This is the second appeal in this case. In Shepoka v. Knopik, 197 Neb. 651, 250 N. W. 2d 619, a prior judgment of the District Court was reversed because the County of Nance, an indispensable party, had not been made a party to the action. After a second trial the trial court found generally for the defendants and dismissed the petition. The plaintiffs have appealed.

The statute requires that the salaries of all elected officers of the county be fixed by the county board at least 60 days prior to the closing of filing of certificates of nomination for the primary election. § 23-1114 (1), R. R. S. 1943. In compliance with this requirement the county board of Nance County, Nebraska, adopted the following resolution on December 11, 1973: "RESOLUTION: WHEREAS, the Laws of Nebraska provide that the salaries of the following County elected officials be established by the Board at least sixty (60) days prior to the closing of filing of certificates of nomination to place names on the primary ballot for the offices; and WHEREAS the salaries of the following elected officials cannot again be raised until 1979; being the next term and because of the inflation cost of living increases should be made at this time to allow for the next four years;

NOW THEREFORE be it resolved by the Nance County Board of Supervisors that the salaries of the offices of the County Clerk, County Treasurer, County Assessor, County Attorney and County Sheriff be established at $8,750 for the calendar year 1975, plus an annual adjustment during the term of office based on the previous years salary equivalent to the most recent recommended adjustment in the salaries authorized by the Cost of Living Council, an independent federal executive council created by Presidential Executive Order."

On December 17, 1974, the board adopted a further resolution which provided as follows: "RESOLUTION: WHEREAS, The Nance County Board of Supervisors did at a regular meeting on December 4, 1973, consider and adopt a Resolution providing for cost of living increases for all county employees, the Board realizing that the salaries of elected officials cannot again be raised for four years and that the high rate of national inflation must be taken into account, and WHEREAS the Board wishes to continue its policy of cost of living increases but wishes to make the first cost of living increase effective for the calendar year 1976 rather than 1975 the increases to include three years rather than four, NOW THEREFORE be it resolved by the Nance County Board of Supervisors that the salaries of the offices of the County Clerk, County Treasurer, County Assessor, County Attorney and County Sheriff be established at $8,750 for each of the calendar years 1975, 1976, 1977 and 1978. BE IT FURTHER RESOLVED that commencing January 1, 1976, the salaries include an annual adjustment based on the previous years salary equivalent to the most recent recommended adjustment in salary authorized by the Cost of Living Council, an independent executive council created by Presidential Executive Order. That said cost of living increases each year shall be based upon the twelve most recent monthly cost of living increases

or decreases in the twelve-month period ending on the first full month the percent of adjustment is available prior to the setting of the annual budget. Provided however that the minimum annual salary for any year shall not go below $8,750."

The resolution of December 17, 1974, purported to amend the resolution of December 11, 1973, but was ineffective because the 60-day period prior to the closing of filing of certificates of nomination for the primary election had commenced before the resolution was adopted. The resolution of December 17, 1974, is important, however, because it reveals that the board considered the 1973 resolution to provide for a salary in 1975 of $8,750 *plus* an adjustment based on the increase in the cost of living. Although ineffective to amend the 1973 resolution, the 1974 resolution is important because it amounts to a construction of the 1973 resolution by the county board.

At the trial the defendants were allowed, over objection, to introduce the testimony of two members of the board as to what the intention of the board was at the time the 1973 resolution was adopted. This testimony was clearly inadmissible. See, Ralston v. County of Dawson, 200 Neb. 678, 264 N. W. 2d 868; Board of Education v. Presque Isle County Bd. of Ed., 364 Mich. 605, 111 N. W. 2d 853; 2A Sutherland Statutory Construction, § 48.16, p. 222 (4th Ed., 1973); 73 Am. Jur. 2d, Statutes, § 169, p. 372.

The defendant's principal contention in regard to the validity of the 1973 resolution is that it contravenes Article III, section 19, of the Constitution of Nebraska, which provides that the compensation of any public officer shall not be increased or diminished during his term of office. The contention is without merit because the constitutional prohibition relates to legislative changes and does not prohibit changes based on independent factual standards.

In Hamilton v. Foster, 155 Neb. 89, 50 N. W. 2d 542,

this court held that the salary of a public officer may be changed during his term where the salary is fixed upon the basis of population and there is a change in population during the term. In that case we said: "We are of the opinion that when a statute enacted and in effect prior to the election of a public officer fixes the compensation of such officer upon the basis of population and an increase or decrease in compensation occurs during the officer's term because of a change in population after his election, such increase or decrease in compensation does not violate our constitutional provision that the compensation of a public officer shall not be increased or diminished during his term. It is a factual and not a legislative change."

Here the resolution based the change upon an independent factual standard, an index established by a federal agency. The constitutional provision prohibiting any increase or decrease in the compensation of a public officer during his term of office was not applicable because any change made pursuant to the resolution was not a legislative change.

We have considered the other contentions of the defendants and find they are without merit.

The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.