REQUESTED BY: Dear Senator Beutler:
You have supplied this office with a copy of a proposed amendment to LB 44 of the Eighty-sixth Legislature, First Session, 1979, and a memorandum brief in connection therewith. The proposed amendment, among other things, would add a new section to LB 44 as follows:
 "Sec. 2. For tax year 1979 there shall be allowed a food sales tax credit of twenty-three dollars. For each year thereafter the Tax Commissioner shall adjust the previous year's credit by a percentage equal to the percentage change in the cost of living for the most recent twelve-month period. For purposes of this section, the Tax Commissioner shall compute the cost of living change for the state based on: (1) data from the federal government including that published in the form of consumer price indexes, and (2) any other information the Tax Commission deems relevant."
You then ask if the proposed amendment, which is quoted above would suffice to create a constitutional and workable food sales tax credit arrangement. The same is hereinafter discussed.
LB 44, as originally introduced, would amend Neb.Rev.Stat. § 79-2715 (Supp. 1978) and thereby increase the food sales tax credit from twenty to twenty-three dollars multiplied by the number of legally allowable personal exemptions. Your amendment would strike that portion of LB 44 and grant a food sales tax credit based upon the `cost of living' as quoted above. Specifically, the Tax Commissioner would have the duty to compute the cost of living change for the state based on: (1) data from the federal government including that published in the form of consumer price indexes, and (2) any other information the Tax Commissioner deems relevant.
As you know, the Consumer Price Index is established by the United States Department of Labor. In connection therewith, the Supreme Court of Nebraska has recently held that a resolution of a county board fixing the salaries of elected county officers at an amount plus an annual adjustment for changes in the cost of living as determined by an independent federal agency does not violate Article III, section 19, of the Constitution of Nebraska. Shepoka v. Knopik,201 Neb. 780, 272 N.W.2d 364 (1978). Prior thereto we had expressed our opinion that the Legislature may limit the current general fund expenditures of a governmental subdivision over its expenditures for the preceding year to an amount which is based on the Consumer Price Index. In other words, the Legislature may lawfully enact a statute in which it adopts by reference an existing law or regulation of another jurisdiction, including the United States. We then stated:
 ". . . It is also settled law that the Legislature, except as expressly authorized by the Constitution of Nebraska, may not lawfully enact a statute in which it adopts (1) administrative rules of a federal agency to be promulgated in the future or (2) an act of Congress of the United States to be passed in the future. . . . Consequently, the critical legal problem associated with Neb.Rev.Stat. § 79-4,164 (Supp. 1974) is the possibility that the United States Department of Labor or the United States Department of Commerce, or both, may establish certain criteria to determine the above stated indices different from the criteria which was established to determine these indices at the time Neb.Rev.Stat. 79-4, 164 (Supp. 1974) became operative law. If that were to occur, Neb.Rev.Stat. § 79-4,164 (Supp. 1974) would obviously be rendered inoperative and the constitutionality of LB 984, Eighty-Third Legislature, Second Session, would be placed in jeopardy. . . ." 1975-76 Neb.Rep. Atty. General, p. 82 (April 23, 1975).
We adhere thereto. Thus as we see it, there is no legal problem per se with the sales tax credit being based on the Consumer Price Index (although that could create a problem as discussed in our prior opinion which is quoted above). Rather, the legal problem is that the Tax Commissioner would be given the authority to select `any other information the Tax Commissioner deems relevant' in computing the cost of living. In other words, there are no limitations, standards, or criterion for the guidance of the Tax Commissioner in computing the cost of living index.
In School District No. 39 v. Decker, 159 Neb. 693,68 N.W.2d 354 (1955), the court stated:
 ". . . A statute which in effect reposes an absolute, unregulated, and undefined discretion in an administrative body bestows arbitrary powers and is an unlawful delegation of legislative powers." (159 Neb. at 700.)
It would therefore appear, and it is our opinion, that the proposed amendment to LB 44 would violate Article II, section 1, Article III, section 1, and Article XVII, section6, of the Constitution of Nebraska.