REQUESTED BY: Dear Senator Lewis:
This is in reply to your letter of January 29, 1980. In that letter you note that LB 652 of the Eighty-sixth Legislature (1979) `would raise the allowable mileage reimbursement for state employees for the use of their personal vehicles for state business from sixteen cents to twenty-one cents per mile. On reviewing the matter further' you note that `it would appear that a longer term solution to such reimbursement could be had by tying the reimbursement rate to some other mechanism.' You then solicit our review of the following proposed amendment:
 "If a trip is made by personal automobile at the convenience of the agency involved, the reimbursement rate shall be equal to the maximum amount allowed by the United States Internal Revenue Service as a standard mileage deduction for federal income tax purposes."
Traditionally, the United States Internal Revenue Service has allowed a standard mileage deduction for federal income tax purposes. Thus any review of the above quoted proposed amendment must take into account at least two legal concepts. First, the Legislature may enact a statute in which it adopts by reference an existing law or regulation of another jurisdiction, including the United States.Hamilton v. Foster, 155 Neb. 89, 50 N.W.2d 542 (1951);Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N.W.2d 227
(1960); Pelzer v. City of Bellevue, 198 Neb. 19,251 N.W.2d 662 (1977); Shepoka v. Knopik, 201 Neb. 780,272 N.W.2d 364 (1978). Second, the Legislature, except as expressly authorized by the Constitution of Nebraska, may not lawfully enact a statute in which it adopts (1) administrative rules of a federal agency to be promulgated in the future or (2) an act of Congress of the United States to be passed in the future. Smithberger v. Banning, 129 Neb. 651,262 N.W. 492 (1935). Hence if the above quoted proposed amendment were to become operative law, it would have to be construed to freeze the rate at which state employees are reimbursed to the standard mileage deduction that is allowed by the United States Internal Revenue Service at the time the above quoted proposed amendment is approved by the Legislature. Consequently, said proposed amendment would not, in our opinion, provide any more flexibility than if the Legislature itself specified a specific rate of reimbursement. There are, of course, other alternatives.