REQUESTED BY: Dear Senator DeCamp:
Section 3 of LB 276 of the Eighty-sixth Nebraska Legislature, Second Session (1980), would amend Neb.Rev.Stat. 45-101.03
(Supp. 1979) to read as follows:
 "Except as provided in section 45-101.04, any rate of interest which may be agreed upon, not exceeding sixteen
per cent per annum on the unpaid principal balance, shall be valid upon any loan or forbearance of money, goods, or things in action and may be taken yearly, for any shorter period, or in advance, if so expressly agreed."
You note that an amendment to LB 276 appears on page 909 of the Legislative Journal and ask if it is constitutional. The same is hereinafter discussed.
The amendment on page 909 of the Legislative Journal, if adopted, would amend Neb.Rev.Stat. § 45-101.03 (Supp. 1979) to read as follows:
 "Except as provided in section 45-101.04, a maximum lawful interest rate for loans shall be set quarterly by the Director of Banking and Finance based on a quarterly average of the rediscount rate compiled by the Federal Reserve System plus an additional three per cent per annum rounded off to the nearest quarter of one per cent per annum."
Any review of the above amendment must take into account at least two legal concepts. First, the Legislature may enact a statute in which it adopts by reference an existing law or regulation of another jurisdiction, including the United States. Hamilton v. Foster, 155 Neb. 89,50 N.W.2d 542 (1951); Lincoln Dairy Co. v. Finigan, 170 Neb. 777,104 N.W.2d 227 (1960); Pelzer v. City of Bellevue,198 Neb. 19, 251 N.W.2d 662 (1977); Shepoka v. Knopik,201 Neb. 780, 272 N.W.2d 364 (1978). Second, the Legislature, except as expressly authorized by the Constitution of Nebraska, may not lawfully enact a statute in which it adopts (1) administrative rules of a federal agency to be promulgated in the future or (2) an act of Congress of the United States to be passed in the future. Smithberger v.Banning, 129 Neb. 651, 262 N.W. 491 (1935). Unlike the Consumer Price Index (which is computed by the United States Department of Labor), the rediscount rate compiled by the Federal Reserve system is not based on existingindependent factual standards but it is based on monetary policy established from time to time by the Board of Governors of that federal agency. Consequently, the above quoted amendment from page 909 of the Legislative Journal constitutes an unlawful delegation of legislative power and therefore, in our opinion, is unconstitutional.