REQUESTED BY: Senator Chris Beutler Member of the Legislature Nebraska State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have asked for our opinion on the constitutionality of a proposed amendment to LB 352. You have provided us with a copy of Request No. 2367. You direct our attention to that portion of the request which provides that Neb.Rev.Stat. § 77-3422 (1980 Supp.) shall be amended to authorize an increase in the anticipated combined receipts of political subdivisions of the average percentage rate of growth in state personnel income for the previous three calendar years. Your proposed amendment to LB 352, as contained in Request No. 2367 provides, `State personal income shall mean the total annual personal income in the state as published by the United States Department of Commerce or its successor agency.'
As we have stated to you in previous letters, the Legislature may lawfully adopt by statute existing laws or regulations of another jurisdiction, including that of the United States. See Report of the Attorney General, 1975-76. page 82, April 23, 1975; Report of the Attorney General, 1979-80, page 151, May 4, 1979, Opinion No. 105. In addition, the Nebraska Supreme Court has held valid an indexing of elected officials' salaries to the consumer price index as established by the Department of Labor, see, Shepoka v.Knopik, 201 Neb. 780, 272 N.W.2d 364 (1978). Unfortunately, the amendment you propose attempts to do more than that. It states that personal income shall mean that income as published by the United States Department of Commerce orits successor agency. We believe that your proposed amendment suffers from two flaws. The first flaw is that the index to which the subdivision's budget increase would be tied we believe is insufficiently spelled out in your proposed amendment. It should be set forth with specificity and precision so that no question can arise as to what index such increases were being tied. Here it is conceivable that the affected federal agency might publish more than a single compilation of Nebraska personnel income in any given period. It is also conceivable that the agency could modify the basis upon which such figures were compiled. The second difficulty is that the amendment specifies that some successor agency also publishing such data would be followed in compiling the limitations upon subdivision budgets. This the Legislature clearly may not do. See, Smithberger v.Banning, 129 Neb. 651, 262 N.W.2d 492 (1935). In summation, then, we believe that there are serious flaws in the amendment as it is currently proposed.
We do not mean to suggest by the conclusion we have reached above that the Legislature may not properly adopt such an amendment tied to a specific index for use in determining limitation to be placed on subdivision budgets. Our conclusion simply is that this amendment falls short of those standards that must be met under the case law of the State of Nebraska to properly adopt such an amendment.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General