UPDIKE INVESTMENT COMPANY, APPELLANT, V. EMPLOYERS LIABILITY ASSURANCE CORPORATION, APPELLEE.

FILED JANUARY 30, 1935. No. 28968.

*Brogan, Ellick & Shoemaker* and *James J. Fitzgerald, Jr.,* for appellant.

*Kennedy, Holland & De Lacy, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and RAPER and TEWELL, District Judges.

PER CURIAM.

In this action the plaintiff seeks a declaration of its rights under an insurance contract. The pleadings and evidence disclose that the defendant issued to the plaintiff a policy of insurance designated as a "Universal Standard Workmen's Compensation Policy," by which the defendant agreed to defend in the name and on behalf of plaintiff any suits or other proceedings brought against the plaintiff to recover any loss designated as a risk by the policy. One Eunice Roth brought an action against the plaintiff to recover an alleged damage of $50,000. The petition of Eunice Roth alleged that during the life of said policy and while she was an employee of the plaintiff and engaged in her employment she suffered personal injuries. These injuries are such that they are not compensable under the workmen's compensation act, and are alleged to have been caused by the negligence of her employer, who is the plaintiff herein. The plaintiff in this action requested the

defendant herein to defend such action, and the defendant herein refused and claimed that loss on account of the facts alleged in the petition of said Eunice Roth was not a risk covered by the policy. The issues in the action by Eunice Roth have not been tried.

The trial in this cause resulted in a declaration to the effect that the defendant herein was not obliged by its said contract of insurance to defend the action brought by Eunice Roth and would not be obligated to reimburse plaintiff herein for any sum that might later be recovered therein. The plaintiff appeals.

One of the questions presented is that of whether or not a justiciable issue is presented without Eunice Roth being a party to this action. By a paragraph of the policy designated therein as "one (a)" the defendant insures the plaintiff against loss under the provisions of the workmen's compensation act, and by the provisions of a paragraph designated as paragraph "one (b)" the defendant herein agrees to indemnify the plaintiff herein "against loss by reason of the liability imposed upon it by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada." By other provisions of the policy, as well as by the provisions of the workmen's compensation act, the defendant is made jointly liable with the plaintiff to any employee of plaintiff entitled to compensation under such act for injuries arising while the policy is in force. By the provisions of paragraph "one (b)" an action may be brought by the injured employee against the defendant herein upon the policy in case of the return of an execution unsatisfied against the plaintiff herein. Clearly, any declaration of rights made by the court in this action would not be *res adjudicata* as against Eunice Roth, she not being a party to this action.

One of the most fruitful fields in which courts may function to the benefit of society under the provisions of

the declaratory judgments act (Comp. St. 1929, sec. 20-21,140 *et seq.*) is that of the construction of written instruments. A declaration of rights has often properly been made in actions based on facts similar to facts in this case. *American Motorists Ins. Co. v. Central Garage,* 86 N. H. 362; *Post v. Metropolitan Casualty Ins. Co.,* 227 App. Div. 156, 237 N. Y. Supp. 64. A declaratory judgment, however, is designed to terminate the controversy so far as it relates to the parties and facts that gave rise thereto, and the court should, under most circumstances, dismiss an action for a declaration of rights without prejudice to either party, whenever all parties, whose claims gave rise to the controversy and whose rights upon such claims would be adjudicated by the declaration, had they been parties, have not been impleaded. Actions for a declaration of rights will better serve the needs of the public, and the court far less often find that its declaration did not end a controversy, if this rule is followed. *Dobson v. Ocean Accident & Guarantee Corporation,* 124 Neb. 652. While we approve of the use of this form of action under facts similar to those shown by the pleadings, the court hold that Eunice Roth should be a party to this action before a declaration of rights is made.

For reasons given, the judgment of the district court is reversed and the cause remanded, with directions to dismiss the cause without prejudice in case Eunice Roth is not made a party to the action within a time to be fixed by the district court. Costs in this court taxed to plaintiff.

REVERSED.

DAY, J., concurs in result.