ERNEST W. KILROY *vs.* SARA A. O'CONNOR.

Bristol.   February 11, 1949. — April 15, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Equity Pleading and Practice,* Parties, Declaratory proceeding, Plea, Demurrer, Decree.   *County.   Declaratory Judgment.   Equity Jurisdiction,* Declaratory relief.

A pleading in a suit in equity, called a plea in abatement and based on the grounds of nonjoinder of necessary parties and want of interest in the plaintiff to maintain the bill, was treated by this court as a demurrer where such grounds were apparent on the face of the bill; and an entry that the so called plea was "overruled" was treated as an interlocutory decree.

The correctness of an interlocutory decree overruling a demurrer to a bill in equity was properly presented to this court by an appeal there-

from by the defendant where the suit thereafter was heard on its merits· by another judge who ordered a final decree and reported the suit to this court on his statement of findings, rulings and order for a decree, and also on the defendant's demurrer.

A suit in equity under G. L. (Ter. Ed.) c. 231A could not be maintained by the treasurer of a county seeking a declaratory decree adjudicating the right, if any, of the defendant to hold the office of county commissioner and averring that the plaintiff, by reason of a doubt as to the validity of an appointment of the defendant to that office, was "unwilling" to pay the defendant's salary and to disburse county funds except on orders signed by the two remaining commissioners, where neither the county nor the remaining commissioners were made parties.

BILL IN EQUITY, filed in the Superior Court on November 26, 1948.

The so called plea in abatement was heard by *Smith*, J., and, after it was overruled, the suit was heard on its merits by *Morton*, J., who reported it as follows: "I made a statement of findings, rulings and order for a decree; and I now, at the request of the plaintiff, report the case for the determination of the full court of the Supreme Judicial Court on the statement of findings, rulings and order for a decree; also on the defendant's demurrer, plea in abatement and plea in bar."

*H. R. Donaghue,* for the plaintiff.

*J. C. Duggan,* (*F. Vera* with him,) for the defendant.

RONAN, J. This is a bill under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, brought by the county treasurer of Bristol County for a declaratory decree adjudicating the right, if any, of the defendant to hold the office of county commissioner of said county. After the overruling of a plea in bar, a plea in abatement, and a demurrer, the suit came on for a hearing before another judge, who ruled that the defendant was duly appointed county commissioner, ordered a decree to be entered·to this effect, and reported the suit to this court.

The plea in abatement so called set up nonjoinder of necessary parties and want of interest in the plaintiff to maintain the bill. Both grounds are based upon the face of the bill. We classify a pleading by its contents and substance rather than its descriptive title, and treat that so

called plea as a demurrer. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 620, 621. *Seltmann* v. *Seltmann,* 322 Mass. 650, 654. The pleading was sufficient to direct the judge's attention to the matters alleged and was entertained by the judge who overruled these objections. The entry "overruled" was equivalent to an interlocutory decree, and the correctness of the ruling is brought here by the defendant's appeal.

We will assume, but without deciding, that the plaintiff has an interest in the subject matter sufficient to enable him to maintain the suit, although it is difficult from anything alleged in the bill to see on what ground it could be maintained to try title to a public office when the plaintiff does not claim the office, or whether the bill could be held good as alleging anything more than an attempt to impeach collaterally the defendant's title to the office. [1] We will also assume in favor of the plaintiff that all the allegations in the bill show the existence of an actual controversy between the defendant and himself, although these allegations amount to no more than a statement that the plaintiff, by reason of a doubt as to the validity of the defendant's appointment, "is unwilling" to pay her salary and to disburse county funds except on orders drawn on him and signed by the two remaining commissioners, although the bill does not show that the defendant ever made any demands on the plaintiff to pay her or to honor orders signed by her and one other commissioner, and although the bill does not indicate that the plaintiff will be involved in any litigation if he continues to refuse to pay her or to honor orders signed by her and another commissioner, for in all such instances the county and not the plaintiff is the debtor. And his failure to act would not

---

[1] *Sheehan's Case,* 122 Mass. 445. *Attorney General* v. *Crocker,* 138 Mass. 214, 221. *Prince* v. *Boston,* 148 Mass. 285, 287. *Moloney* v. *Selectmen of Milford,* 253 Mass. 400, 407. *Sevigny* v. *Russell,* 260 Mass. 294. *Wardwell* v. *Leggat,* 291 Mass. 428. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 350–352. *Brierley* v. *Walsh,* 299 Mass. 292, 295. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 393.

affect the rights of third persons or change the liability of the county. [1]

If these assumptions are made in favor of the plaintiff, he is met with the objection that there is a nonjoinder of necessary parties. The county of Bristol is not a party. The due and proper administration of the business of the county by the board of county commissioners and the disbursement of county funds in accordance with law are matters in which the county has a great, if not an exclusive, interest. The suit directly concerns the management of the affairs of the county and the payment of its funds. It is plain that the county should have been made a party. *Bauer* v. *Mitchell,* 247 Mass. 522, 525, 526. *Martin* v. *Smith,* 280 Mass. 101, 106. *Home Development Co.* v. *Dupre,* 323 Mass. 98, 99–100. The county commissioners other than the defendant have an actual and essential interest in the determination of the question as to the right of the defendant to hold the office of commissioner and so whether they should or should not recognize her as a member of the board. The members of the board can act only as a unit in performing the various functions entrusted to them, and it is important to the board that any doubt as to the validity of its action arising out of any alleged ineligibility of one of its members should be settled and adjudicated. The two remaining commissioners ought to have been joined in the present proceedings. *Taylor* v. *McPheters,* 111 Mass. 351. *Farnsworth* v. *Boston,* 121 Mass. 173. *Lawrence* v. *Smith,* 201 Mass. 214. *Bayer & Mingolla Construction Co. Inc.* v. *Streeter,* 318 Mass. 311.

It is plain that a decree in this suit as it now stands would not finally settle the question whether the defendant is or is not a county commissioner. It would settle that question only so far as the plaintiff is concerned. It would not even protect him if he should pay the defendant's salary and were then sued by the county for having made the pay-

---

[1] *Wheelock* v. *Auditor of Suffolk County,* 130 Mass. 486. *County Commissioners of Essex* v. *Mayor of Newburyport,* 252 Mass. 407, 410. *County of Essex* v. *Newburyport,* 254 Mass. 232. *Godfrey Coal Co.* v. *Gray,* 296 Mass. 323. *Lowell* v. *Massachusetts Bonding & Ins. Co.* 313 Mass. 257, 271. *Seney* v. *Board of Health of Northampton,* 314 Mass. 272, 273.

ment, as the county, not being a party to this suit, could relitigate the validity of the defendant's appointment. And the same situation would exist as to the board of county commissioners since the legality of her appointment would seem certain to arise in the conduct of its business. The plaintiff and the defendant do not represent the real parties in interest, and the settlement of the question which is raised would not bind those who have a real and substantial interest in the adjudication of that question. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206–207. *Winthrop* v. *Athol,* 216 Mass. 79. *Nelson* v. *Belmont,* 274 Mass. 35, 45. *Jones* v. *Cella,* 284 Mass. 154, 159. *Campbell* v. *Ashler,* 320 Mass. 475, 480. Restatement: Judgments, § 93.

One of the principal purposes of the declaratory judgment law, G. L. (Ter. Ed.) c. 231A, is to settle completely the controversy submitted for decision. To that end, it is provided in § 8 that "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." This purpose of the declaratory procedure is further emphasized by § 3, which provides that the court may "refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons." It was said in *Manhattan Storage & Warehouse Co.* v. *Movers & Warehousemen's Association of Greater New York, Inc.* 289 N. Y. 82, 88, that a declaratory action serves a legitimate purpose where all the parties in interest are before the court but "As to persons who are not parties a declaratory judgment would be a mere academic pronouncement without juridical consequence, but which might be embarrassing if attempt is made thereafter to enforce these rights in legal proceedings to which they are parties. A court may, and ordinarily must, refuse to render a declaratory judgment in such case." The absence of the real parties in interest pre-

vents the court from entering a decree which will be adequate and effective in finally settling the question as to the right of the defendant to occupy the office of county commissioner.

The interlocutory decree overruling the so called plea in abatement is reversed, an interlocutory decree is to be entered sustaining it as a demurrer, and a final decree is to be entered dismissing the bill. *Alabama State Federation of Labor* v. *McAdory*, 325 U. S. 450, 462. *Johnson* v. *Interstate Transit Lines*, 163 Fed. (2d) 125. *Holland* v. *Flinn*, 239 Ala. 390. *Fisher* v. *Kallenbach*, 135 Conn. 147. *Commonwealth* v. *Reeves*, 289 Ky. 73. *United Slate Tile & Composition Roofers, Damp & Water Proof Workers Association, Local No. 80* v. *United Brotherhood of Carpenters & Joiners of America, Local No. 101*, 185 Md. 32. *Central High School Athletic Association* v. *Grand Rapids*, 274 Mich. 147. *Ben B. Wood Realty Co.* v. *Wood*, 132 Neb. 817. *Wood* v. *Salamanca*, 289 N. Y. 279. *Ladner* v. *Siegel*, 294 Pa. 368. *Blodgett* v. *Orton*, 14 Wash. (2d) 270.

*So ordered.*