5-289                                    264 S. W. 2d 640

Opinion delivered February 15, 1954.

*Richard W. Hobbs,* for appellant.

*Roy Mitchell, Q. Byrum Hurst* and *M. C. Lewis, Jr.,* for appellee.

George Rose Smith, J.   This appeal questions the action of the trial court in overruling a demurrer to the appellees' complaint.   The only issue is whether that pleading states a cause of action.

Seven patrons of Garland County School District No. 1 brought this representative suit against the district and its directors.   The plaintiffs alleged that at the 1952 school election the voters authorized the issuance of bonds for the construction of a school building ''in the Western part of the District.''   It is averred that the language just quoted, which appeared on the ballot, was intended to mean, and was understood by the electors to mean, the western third of the district.   The directors of the district, however, have construed the phrase to refer to the western half of the district.   Pursuant to that interpretation the directors have successively selected three building sites only slightly west of the center of the district.   The first two sites were disapproved by the County Board of Education, acting under Ark. Stats., 1947, § 80-509(b); but the County Board has not yet acted upon the third selection.

The complaint alleges that the directors have acted arbitrarily in choosing sites approximately in the center of the district. The prayer is that the court interpret the phrase, "the Western part of the District," that the court itself select a site for the new building, and that the directors be required to abide by the court's choice.

We think the complaint fails to state a cause of action. The matter of determining the location for the new building is not within the province of the courts. The authority and the responsibility for conducting the district's affairs are vested by law in the board of directors. "It was never contemplated that the chancery court should supervise or direct the conduct of the school and board of directors in the operation of the school." *Merritt v. Dermott Spec. Sch. Dist.*, 188 Ark. 243, 65 S. W. 2d 33. Although it is true, as the appellees point out, that arbitrary action on the part of a school board is subject to judicial review, the court even then does not substitute its judgment for that of the board. All that equity does is to restrain a course of conduct found to be arbitrary; the choice of a more reasonable plan is then left to the directors. In the case at bar the third selection is not yet final, in that the County Board of Education has not given its necessary approval. But even if that board had acted it is not the court's place to lift the matter from the hands of the two administrative agencies and to make for them the choice that the law commits to their discretion.

There remains for consideration that part of the prayer which asks the court to define the western part of the district. In the past it has not been the practice of our courts to render advisory opinions entailing no other relief, but the situation has been changed to some extent by the adoption (with some modifications) of the Uniform Declaratory Judgments Act. Act 274 of 1953; Ark. Stats., Title 34, Ch. 25. That statute authorizes the rendition of a declaratory judgment or decree when it will terminate a controversy or remove an uncertainty, even though no further relief is sought. Since the case

at bar does involve an actual controversy we have considered the applicability of the new statute.

We have concluded that the present complaint cannot be sustained as an effort to invoke the provisions of Act 274. In the first place, the plaintiffs do not by their allegations purport to be proceeding under this statute. To the contrary, it is rather plain that they are not proceeding under Act 274, as it had not yet become effective when this suit was filed in May of 1953. And second, all necessary parties have not been brought into court. The Act requires that all persons "shall be made parties" who have any interest which would be affected by the declaration. Ark. Stats., § 34-2510. Elsewhere the courts have very sensibly stressed the importance of this requirement, for it is evident that no controversy would be terminated by an adjudication not binding upon everyone concerned. *Updike Inv. Co.* v. *Employers' Liability Assur. Corp.,* 128 Neb. 295, 258 N. W. 470; *Kilroy* v. *O'Connor,* 324 Mass. 238, 85 N. E. 2d 441. A declaratory decree in this case would not bind the County Board of Education, which, though not a party hereto, is required to approve whatever school site is chosen. It follows that a decree would not end the dispute, since the County Board would still be entitled to an opportunity to be heard on the question. We need not now go so far as to say, as some courts have, that the presence of all necessary parties is jurisdictional; for in any event we regard the defect as sufficiently fundamental to be reached by demurrer.

Reversed, the demurrer to be sustained.