LAMAN, MAYOR *v.* MARTIN.

5-2850                                    362 S. W. 2d 711

Opinion delivered December 17, 1962.

*Glenn C. Zimmerman* and *William G. Fleming,* for appellant.

*Warren & Bullion,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises out of an action for declaratory judgment. Appellees, Billy Martin and others, who were dismissed from their

jobs with the North Little Rock Electric Department, brought this suit for declaratory judgment and mandatory injunction against appellants, Laman as Mayor of North Little Rock and Jarvis as manager of the North Little Rock Electric Department, seeking a declaration that appellees are entitled to the rights, remedies and protection of municipal civil service under Act 339 of 1939, and therefore entitled to job re-instatement and back pay. Appellants demurred, stating that they were not proper parties defendant, and answered denying, *inter alia,* that Act 339 of 1939 applied to the City of North Little Rock, and urged the unconstitutionality of the act.

The trial court found that Act 339 of 1939 was valid and constitutional; that those employees of the City of North Little Rock who are covered by the terms of Act 339 of 1939 are entitled to the protective coverage of that statute; that appellees were entitled to a hearing before the North Little Rock Civil Service Commission to determine the propriety of their discharge under Act 339; that the court had no jurisdiction to grant a money judgment for past wages; and that the judgment was without prejudice to appellees to secure further relief in the court in the event that the Civil Service Commission refused to grant them a hearing. From this decree comes this appeal.

Appellants' first point urged for reversal is: "Appellants are not proper parties to defend this suit for declaratory judgment."

At the hearing, appellants asked for a ruling on their demurrer, but the trial court stated that it would withhold the ruling until the record was made. Thereafter, a memorandum opinion was filed by the court, which did not rule on the demurrer. Appellants filed a motion for specific ruling on their demurrer, prior to entry of the final decree, but the record does not reflect any ruling by the trial court. To reiterate, the demurrer simply stated that "Defendants are not proper parties defendant to defend this action."

Act 274 of 1953, as amended, is our declaratory judgment statute. Section 10 of that act (Ark. Stats. § 34-2510) is as follows:

"Parties.—When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard."

This court set out the requisites for a proper suit under the declaratory judgment act in *Andres v. First Ark. Development Finance Corp.*, 230 Ark. 594, 324 S. W. 2d 97:

"Our declaratory judgment act (§ 34-2501 *et seq.* Ark. Stats.) was not intended to allow *any* question to be presented by *any* person: the matters must be justiciable. In Anderson on 'Declaratory Judgments' 2d Ed. § 187, the general rule is stated as to declaratory judgments:

. . . " 'The requisite precedent facts or conditions, which the courts generally hold must exist in order that declaratory relief may be obtained, may be summarized as follows: (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.'

"In the same authority in § 221 at page 488 the rule is stated:

" 'The Declaratory Judgment Statute is applicable only where there is a present actual controversy, and all interested persons are made parties, and only where justiciable issues are presented.' "

In an action instituted against a school district and its directors relative to location of a school building, in *Johnson* v. *Robbins,* 223 Ark. 150, 264 S. W. 2d 640, we held, in part, as follows:

. . . "And second, all necessary parties have not been brought into court. The Act requires that all persons 'shall be made parties' who have any interest which would be affected by the declaration. Ark. Stats. § 34-2510 [*supra*]. Elsewhere the court have very sensibly stressed the importance of this requirement, for it is evident that no controversy would be terminated by an adjudication not binding upon everyone concerned. *Updike Inv. Co.* v. *Employers' Liability Assur. Corp.,* 128 Neb. 295, 258 N. W. 470; *Kilroy* v. *O'Connor,* 324 Mass. 238, 85 N. E. 2d 441. A declaratory decree in this case would not bind the County Board of Education, which, though not a party hereto, is required to approve whatever school site is chosen. It follows that a decree would not end the dispute, since the County Board would still be entitled to an opportunity to be heard on the question. We need not now go so far as to say, as some courts have, that the presence of all necessary parties is jurisdictional; for in any event we regard the defect as sufficiently fundamental to be reached by demurrer."

In the case at bar, only the Mayor and the manager of the City electric department were made parties. Appellees seek to establish the validity of a municipal ordinance (the civil service ordinance). This being true, then the clear wording of Ark. Stats. § 34-2510, *supra,* makes the City of North Little Rock a necessary party. Under the Act here in question and the declaration sought, the City Council of North Little Rock as well as the Civil Service Commission of North Little Rock would be proper parties. Further following the wording of the statute, *supra,* because Act 339 of 1939 was alleged to be un-

constitutional by appellants, a copy of the proceeding was required to be served on the Attorney General, who is entitled to be heard in such matters. It follows, therefore, since all parties who have an interest which would be affected by the declaration have not been made parties to the action, and as stated in *Johnson* v. *Robbins, supra,* "that no controversy would be terminated by an adjudication not binding on everyone concerned", the decree is reversed.