BOARD OF EDUCATION OF FRANKLIN COUNTY, Arkansas *v.* OZARK SCHOOL DISTRICT NO. 14

CA 80-494                                        619 S.W. 2d 304

Court of Appeals of Arkansas
Opinion delivered June 10, 1981
[Rehearing denied August 19, 1981.]

*Edgar A. Woolsey, Jr., A. Jack King* and *Neva Belcher King*, for appellants.

*Gregory P. McKenzie* and *Jonah T. Yates*, for appellees.

DONALD L. CORBIN, Judge. This case was filed by the Ozark School District No. 14 in the Circuit Court of Franklin County, Arkansas, Ozark District, on September 14, 1979, as an appeal and a Writ of Certiorari from a decision of the Franklin County Board of Education. The case involved a May 19, 1941, Franklin County Court order which purported to establish a boundary line between two school districts located in Franklin County. The Court order authorized the transfer of 240 acres from the Manitou School District No. 70 to the Adams School District No. 20.

On March 16, 1948, a Franklin County Board of Education order placed all lands contained within the Manitou School District No. 70 within the Ozark School District No. 14. The Adams School District consolidated with the Pleasant View School District No. 4 in 1949, at which time the 240 acres were transferred to the Pleasant View School District No. 4 on the tax records.

At its July 20, 1979, meeting, the Franklin County Board of Education considered a letter from the President of

the Board of Directors of the Ozark School District No. 14, which asked the Board to assist in correcting a "courthouse clerical error" by transferring the 240 acres to the Ozark School District No. 14 from Pleasant View School District No. 4 on the county books. The Board found (1) that no accurate map of the school district boundaries in Franklin County existed; (2) that the 240 acres were in the Adams School District No. 20 from 1943 until its consolidation with Pleasant View School District in 1949; and (3) that the boundaries should remain as fixed by such consolidation.

At the August 16, 1979, meeting of the Franklin County Board of Education, representatives of the Ozark School District appeared, contending that a clerical error in the 1940's caused the 240 acres to be transferred from Manitou School District No. 70 and placed in Adams School District No. 20. They asked the Board of Education to order such correction and transfer the same on the books. The Board of Education again refused to transfer and affirmed its previous action of July 20, 1979.

Appellee, Ozark School District No. 14, filed a Writ of Certiorari and appealed to the Circuit Court of Franklin County from the finding of the appellant, Franklin County Board of Education. Thirty-four residents within the 240-acre area filed a petition to intervene and join with Ozark School District No. 14 in the Circuit Court. The appellee contended that the Board of Education's refusal to order a correction of the records as requested by the Ozark School District amounted to a boundary line change between Ozark and Pleasant View School Districts; that there was no compliance with the statutory requirements to annex territory or change district boundaries; and that the order of the Board of Education was therefore void.

No witnesses testified and the case was submitted on documentary evidence and briefs of counsel. The trial court rendered a declaratory judgment, ruling that the May 19, 1941, Franklin County Court order was invalid and void because of the failure to follow the requirements of Arkansas law and because of the ambiguities contained in the land description in said order. The trial court further ruled that

the decision of the Franklin County Board of Education constituted a boundary change as defined by Arkansas case and statutory law. The Pleasant View School District No. 4 was not a party to this action. Appellants have appealed the decision of the Franklin County Circuit Court.

Ark. Stat. Ann. § 34-2510 (Repl. 1962) provides in part:

Parties. — When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Ark. Stat. Ann. § 34-2505 provides:

When court may refuse judgment or decree. — The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

In applying these statutes to the case at hand, it is evident that any decision rendered by this Court would not terminate the uncertainty or controversy giving rise to the proceeding because the Pleasant View School District No. 4 is a necessary party to this proceeding. It stands to lose 240 acres of land if the decision below is affirmed. A declaratory decree in this case would not bind the Pleasant View School District No. 4 which, though not a party hereto, is a real party in interest. It follows that a decree would not end the dispute since the Pleasant Valley School District No. 4 would still be entitled to be heard on the quesiton. See *Johnson* v. *Robins*, 223 Ark. 150, 264 S.W. 2d 640 (1954). All necessary parties have not been brought into court. The statute requires that all persons shall be made parties who have any interests which would be affected by the declaration. See *Laman* v. *Martin*, 235 Ark. 938, 362 S.W. 2d 711 (1962).

We reverse and remand for further proceedings consistent with this opinion.

Cooper, J., dissents.