**FREEPORT OPERATORS, INC., et al., Appellants,**

**v.**

**The HOME INSURANCE COMPANY, et al, Appellees.**

**No. A14-82-714CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1984.

Rehearing Denied Feb. 16, 1984.

E.D. Vickery, Royston, Rayzor, Vickery & Williams, Houston, for appellants.

Michael Connelly, Mayor, Day & Caldwell, Houston, Frank Harmon, Baker & Botts, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Freeport Operators, Inc., complains of the trial court's dismissal of this cause for want of prosecution. Appellant contends on appeal that such dismissal violated the provisions of Rule 165a of the Texas Rules of Civil Procedure and was an abuse of the court's inherent power to dismiss. Appellee, however, urges that the case filed did not present a justiciable controversy because its maturity for litigation was dependent on the outcome of several pending federal lawsuits, and thus the instant case was properly dismissed. We find that appellant, in effect, was seeking an advisory opinion and that the dismissal was therefore proper.

This case was filed in 1975, and has a long and somewhat complicated procedural history. In April, 1974, appellant was involved in a marine collision, and later in 1974, filed suit in Federal Court. In February, 1975, appellee, appellant's insurer, filed a petition for declaratory judgment in State District Court, requesting the judge to rule that the marine accident was not covered under appellee's policy. Appellant answered and filed a cross-action against appellee. Appellee filed for a non-suit on its declaratory judgment action soon thereafter, and the parties were then realigned to reflect appellant's position as plaintiff on its cross-action.

The case was actively pursued until 1977. However, from 1977 until 1982, virtually the only action taken was an annual motion to retain filed by appellant. The trial court granted this motion each year from 1978–1982. However, the court's order of April 2, 1982 stated that the motion would be sustained "for 3 months until September 1, 1982," [sic]. On July 27, 1982, the court informed appellant by mail that their case was ready for dismissal for want of prosecution. As a final admonition, the court added, "Please advise if this case should now be dismissed for want of prosecution. If not, it will be placed on the trial docket as noted above."

On August 20, 1982, appellant conferred with the trial judge regarding the dismissal. At this conference, the judge informed appellant that the case had been dismissed for want of prosecution on August 17, 1982. Appellant had received no prior notice of the dismissal, but later received notification by mail. Appellant filed a motion to reinstate, which was denied after a full hearing. During the pendency of this case and indeed until the present, the Federal cases have remained unresolved.

Appellant now contends that the dismissal for want of prosecution was improper both under R. 165a and the court's inherent authority to dismiss. Appellee, however, argues that the trial court properly dismissed the case because the issue of liability was still pending in Federal Court, and the case therefore failed to raise a ripe, justiciable question and, in effect, sought merely an advisory opinion. We agree. Under our Constitution, district courts are not permitted to issue advisory opinions nor decide cases upon speculative, hypothetical, or contingent situations; such cases fail to present justiciable questions. *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex.1980); *Lede v. Aycock*, 630 S.W.2d 669, 671–72 (Tex.App.—

Houston [14th Dist.] 1981, writ ref'd n.r.e.). A determination as to whether an insurance company is liable under its policy for damages on an unlitigated, contingent claim is not a justiciable question and, therefore, not appropriate for declaratory judgment. *Ruth v. Imperial Ins. Co.,* 579 S.W.2d 523, 525 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Since the primary cases involving liability from the marine collision have not yet been finally decided in federal court, this case is not yet a justiciable one. Judgment therein would be, as stated, an advisory opinion which is jurisdictionally impermissible under the state constitution. *See* Tex. Const. art. IV, § 8 (1891, amended 1973); *Firemen's Ins. Co. of Newark v. Burch,* 442 S.W.2d 331 (Tex.1968).

■■■■ Indeed, appellees represented to both this court and the trial court that their basis for supporting the dismissal was on the ground that the case presented no justicible issue; and, they further acknowledged that appellants would not be prejudiced as to refiling by the dismissal. We agree. It is clear that where there is no mature issue for litigation the trial court lacks jurisdiction. It logically follows that a dismissal for want of prosecution by the trial court of a suit, over which it lacks jurisdiction, cannot operate as a bar to that suit in another court, where and when jurisdiction properly exists. Further, in this regard, appellees here acknowledge that the doctrine of laches, estoppel or any other defense grounded on passage of time would not be available to, nor asserted by, them against appellants in this case.

■■■ In view of our findings, it is unnecessary for us to examine in detail the circumstances relative to the dismissal for want of prosecution either under R. 165a or under the court's inherent authority. We do note, however, that there was some confusion in the court's order of April 2, 1982 and in the applicable local court rules as to how long the case was to be retained on the court's docket before it was to be dismissed. However, this minor confusion, when compared to the detailed, lengthy history of this case and the clear intent of the court's communications, in no way obscures the intent of the court to dismiss the case as it did. Nor does such minor confusion justify delay on appellants' part in seeking immediate relief from the contemplated dismissal. We find no denial of due process in the handling of this dismissal for want of prosecution.

Accordingly, without prejudice to refiling as indicated, the trial court's judgment of dismissal is affirmed.