The TRAVELERS INDEMNITY COMPANY
*v.* OLIVE'S SPORTING GOODS, INC., et al.

CA 87-319                              753 S.W.2d 284

Court of Appeals of Arkansas
En Banc
Opinion delivered June 29, 1988

*McMillan, Turner & McCorkle,* for appellant.

*The McMath Law Firm, P.A.*, for appellees Wayne and Vickie Warwick, and Worthen Bank & Trust Company.

*Friday, Eldredge & Clark*, by: *William H. Sutton, Frederick S. Ursery*, and *James C. Barker, Jr.*, for appellees Olive's Sporting Goods, Inc., and Tommie R. Olive, individually and as administratrix of the estate of Robert J. Olive, deceased.

JAMES R. COOPER, Judge. The appellees brought a declaratory judgment action to determine the rights of the parties under an insurance contract issued by the appellant, Travelers, to the appellee, Olive's Sporting Goods.

In July 1984, Wayne Lee Crossley and Ruby Swint entered Olive's and told the salesman that they wanted to purchase guns for Ms. Swint's protection. Ms. Swint filled out the necessary forms, but the guns, a .45 caliber Colt pistol and 12 gauge Smith and Wesson shotgun, were paid for by Crossley. Approximately eight days later, Crossley was stopped by Sergeant Wayne Warwick of the Hot Springs Police Department. Crossley shot and wounded Warwick with the .45 caliber Colt allegedly purchased from Olive's. Crossley then drove to the Grand Central Motor Lodge in Hot Springs, entered the lounge, and began shooting with both the pistol and the shotgun. Helen Frezee, Juanita Allen, James Stephens, and Tom Altringer were killed and John D. Crue was wounded. Crossley then committed suicide. Officer Warwick died approximately two years later, allegedly as a result of the injuries sustained in the shooting.

John Crue and the survivors of Officer Warwick and James Stephens, the appellees in the case at bar, have filed suits against Olive's alleging that it was negligent in the sale of the guns. In the separate action filed by Olive's for a declaratory judgment, Travelers contended that the insurance policy it issued to Olive's limited its liability to a maximum of $300,000.00. It was the contention of the appellees (Olive's and some of the victims of Crossley's shooting rampage), that the $300,000.00 policy limit applied to each victim because each shooting constituted a separate occurrence. The trial court agreed with the appellees, and the appellant appeals arguing three points: that the trial court erred in finding that there was more than one occurrence as that term is used in the contract; that the trial court erred in finding that the contract was ambiguous with regard to the aggregate

coverage; and that the trial court erred in finding that the "products hazard" and "completed operations hazard" sections had no application. We do not reach the merits of the appellant's arguments because we find that, since there was no justiciable controversy between the parties, the trial court erred in entering a declaratory judgment.

Our declaratory judgment act was not intended to allow *any* question to be presented by *any* person: the matters must first be justiciable. *Andres* v. *First Arkansas Development Finance Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959). The court in *Andres*, quoting Anderson, *Declaratory Judgments* § 186 (2d Ed. 1951), stated the following:

> "The requisite precedent facts or conditions, which the courts generally hold must exist in order that declaratory relief may be obtained, may be summarized as follows: (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

In the same authority in § 221 at page 488 the rule is stated:

> "The Declaratory Judgment Statute is applicable only where there is a present actual controversy, and all interested persons are made parties, and only where justiciable issues are presented."

*Andres*, 230 Ark. at 606, 324 S.W.2d at 104. It is our opinion that a determination of the extent of Travelers liability in the event Olive's is found to be negligent is premature and not ripe for judicial determination. *Maryland Casualty Co.* v. *Chicago and North Western Transportation Co.*, 126 Ill. App. 3d 150, 466 N.E.2d 1091 (1984). Furthermore, a determination of whether an insurer is liable for damages on an *unlitigated*, contingent claim is not appropriate for declaratory judgment. *Freeport Operators, Inc.* v. *Home Insurance Co.*, 666 S.W.2d 566 (Tex.

Civ. App. 1984). To make such a determination would be tantamount to issuing an advisory opinion, something courts are prohibited from doing. *Id.*

The case of *Batteast* v. *Argonaut Insurance Co.*, 118 Ill. App. 3d 4, 454 N.E.2d 706 (1983), involved facts similar to the case at bar. The appellant brought a personal injury action which alleged that he had suffered brain damage while in the care of St. Bernard's Hospital. The insurance company did not deny coverage and had not refused to defend the hospital in the tort action. During settlement negotiations, a dispute arose over the extent of coverage provided in the policy, and the appellant sought a declaratory judgment against the insurance carrier. In holding that there was no actual controversy between the parties, the court stated:

> The controversy here stems from the parties' differing interpretations of the provisions regarding amount of coverage in the applicable insurance policy. Regardless of their disagreement, the plaintiff's right to any amount is contingent upon a finding of liability in the underlying tort action. Even if liability is later established, a resolution of the dispute would remain unnecessary unless the damages awarded exceeded $1 million. Moreover, if we were to allow this action, there is no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established. We cannot create the right to such premature litigation. The instant fact situation does not present an actual controversy between the parties.

454 N.E.2d at 708. Although that court's final determination was that the appellant did not have standing, the situation was analogous to the case at bar, and the same reasoning is applicable. In the present case, Travelers has not denied liability, (up to $300,000.00), or denied a duty to defend Olive's. The only controversy concerns the extent of Travelers potential liability. Unless and until a final determination is made that Olive's is liable for an amount in excess of $300,000.00, there is no justiciable controversy and this action is premature. *See Allstate*

*Insurance Co.* v. *Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981).

Reversed and dismissed.

CORBIN, C.J., concurs.

DONALD L. CORBIN, Chief Judge, concurring. I concur. I write only to point out an additional basis for reversing and dismissing. In *Board of Education* v. *Ozark School District No. 14*, 2 Ark. App. 112, 619 S.W.2d 304 (1981), this court on its own volition reversed a declaratory judgment because all necessary parties were not brought into court. There we relied on *Laman* v. *Martin*, 235 Ark. 938, 362 S.W.2d 711 (1962), *Johnson* v. *Robbins*, 223 Ark. 150, 264 S.W.2d 640 (1954) and portions of two Arkansas statutes, to wit:

> Parties. — When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Ark. Code Ann. § 16-111-106(a) (1987) (formerly Ark. Stat. Ann. § 34-2510 (Repl. 1962)).

> When the court may refuse judgment or decree. — The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

Ark. Code Ann. § 16-111-108 (1987) (formerly Ark. Stat. Ann. § 34-2505 (Repl. 1962)).

The original complaint filed in this action by Olive's Sporting Goods, Inc., states at paragraph 10(c) that the claim of the survivors of Juanita Allen, Helen Freeze and Tom Altringer had not been made to date. The separate answer of defendant, Travelers Indemnity Company, does not deny this allegation which under our rules of procedure is deemed to be an admission. Thus, all interested parties to the controversy have not been made a party to this litigation.

I would also reverse and dismiss on the failure to join all the necessary parties.