Terry YAMAUCHI, Director of the Ark. Dept. of Human Services, et al. *v.* SOVRAN BANK/CENTRAL SOUTH, Trustee of the Lewis B. Ridley Trust

91-207                                                    832 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered June 8, 1992

*Department of Human Services*, by: *Richard B. Dahlgren*, for appellants.

*Arnold, Grobmyer, & Haley*, by: *David H. Pennington*, for appellee.

ROBERT H. DUDLEY, Justice. In 1972 Lewis B. Ridley, then a resident of Jonesboro, Craighead County, established a revocable trust that had as its purpose his support during his lifetime, then the support of his adult, mentally retarded daughter for her lifetime, and finally, the undistributed corpus was to pass, free of trust, to three remainder beneficiaries. The settlor died in January of 1981, and his retarded daughter, Margaret B. Ridley, became the lifetime beneficiary. Margaret, who is now over sixty years old, has been institutionalized in various facilities for many years. In late 1972 or early 1973, her father, the settlor, arranged for her to be placed in Alexander Children's Colony, now known as Alexander Human Development Center, which is located in Saline County. That institution is and has been operated by appellant Department of Human Services and its governmental predecessors. In 1974 Margaret was declared eligible for Medicaid, and that program began paying the cost of her institutional care at that time.

Bette Dryer was appointed guardian, either of the person or the estate of both, of Margaret apparently just after the death of the settlor. In September of 1984, a Saline County employee of appellant Department of Human Services determined that under the terms of Medical Services Regulations 3330 and 3332 Margaret was no longer entitled to receive Medicaid benefits because she was a beneficiary of both the principal and income of the trust at issue. The guardian, Bette Dryer, who apparently lives in Mississippi County, asked for a hearing on the matter. The appellant provided a hearing at its Mississippi County office, and the appeals officer held that under Medical Services Regulations 3330 and 3332 Margaret was not entitled to receive Medicaid. The appeals officer based her holding on the "evidentiary fact" that Margaret was entitled to both the principal and the interest of the trust. The hearing was held on October 1, 1986, and the appeals officer's decision was entered on October 31, 1986. The guardian appealed under the provisions of the Administrative Procedures Act. On February 1, 1990, almost three and

one-half years later, the Circuit Court of Mississippi County, in a two-sentence order, found that appellant's decision was neither arbitrary nor capricious, was supported by substantial evidence, and affirmed it.

The trustee made payments to the Department of Human Services totalling $1,710.00 in the months of February and March, 1990. On April 1, 1990, appellant Department of Human Services made demand on the trustee for $167,351.31, more than the total assets of the trust, for the past care of Margaret. Immediately thereafter the guardian moved the ward, Margaret, to Pathfinders, an institution located in Jacksonville, which is in Pulaski County.

Under the terms of the trust, appellee bank, Sovran Bank/Central South, is the successor trustee. Both the original trustee and the successor trustee are incorporated in and have their corporate offices in Tennessee. The trust provides that it shall be governed by the laws of Tennessee. After receiving the demand from appellant Department for over $167,000.00 the trustee, in June 1990, filed suit for a declaratory judgment in which it asked the Chancery Court of Pulaski County to determine the rights of the parties to the principal of the trust and, in addition, asked that the appellant be required to re-evaluate Margaret Ridley's eligibility for Medicaid. Appellant answered and counterclaimed against the bank in the amount of $169,127.81 for the cost incurred in caring for Margaret. The chancellor decided the rights of the parties under the declaratory judgment action and declined to award any money to the appellant Department under its counterclaim.

However, the chancellor did not have all of the necessary parties before the court. In the declaratory judgment action, complete relief could not be afforded without making the lifetime beneficiary and the remainder beneficiaries parties to the action. The interests of the guardian and the remaindermen conflict, because if all of the principal and income are paid on behalf of the ward, the remaindermen will receive nothing, but if all of the principal and interest are preserved, the ward will receive nothing. The interests of the guardian and remaindermen are also in conflict with appellant Department because the Department seeks all of the principal and interest for past debts and if that

request were granted, it would leave nothing for either the ward or the remaindermen. Thus, the ward and the remaindermen have an interest in the outcome of the declaratory action. A pertinent portion of the declaratory judgment statute provides: "When declaratory relief is sought, all persons *shall* be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Ark. Code Ann. § 16-111-106(a) (1987) (emphasis added). Rule 57 of the Arkansas Rules of Civil Procedure provides that the procedure for obtaining a declaratory judgment shall be in accordance with the Arkansas Rules of Civil Procedure, and Rule 19(a) of the Arkansas Rules of Civil Procedures provides:

> A person who is subject to service of process *shall* be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest. . . [Emphasis added.]

Many courts hold that the failure to include all necessary parties is a jurisdictional defect. *See, e.g., In Re Hickik's Estate,* 111 N.E.2d 925 (Ohio 1953); Annotation, *Declaratory Judgments-Parties,* 71 A.L.R. 2d 723, 733-35 (1960). However, some courts have held that the failure to include all necessary parties is not a jurisdictional matter, but rather a matter to be governed by the facts of each case. *See, e.g., Garnick* v. *Serewich,* 121 A.2d 423 (N.J. 1956). This latter view seems to us to be the better construction of the declaratory judgment statute for a number of reasons. The statute itself seems to contemplate that the trial court shall have some limited discretion to allow proceedings without always having all of the necessary parties because it provides that "no declaration shall prejudice the rights of persons not parties to the proceeding." Ark. Code Ann. § 16-111-106(a) (1987). In addition, another part of the declaratory judgment act, Ark. Code Ann. § 16-111-108, seems to contemplate limited discretion, rather than jurisdiction, when it provides that the court may refuse to render a declaratory judgment if it would not terminate the uncertainty or controversy. Also, there may be cases in which it is impossible or prohibitively expensive to obtain

service on all of the necessary parties, but it would be unfair to leave those parties that are in court without a remedy.

Our cases have all followed this latter construction of the declaratory judgment statute. In *Johnson v. Robbins*, 223 Ark. 150, 152, 264 S.W.2d 640, 642 (1954), we wrote: "We need not now go so far as to say, as some courts have, that the presence of all necessary parties is jurisdictional; for in any event we regard the defect as sufficiently fundamental to be reached by demurrer." In *McFarlin v. Kelly*, 246 Ark. 1237, 1241, 442 S.W.2d 183, 185 (1969), we wrote: "The failure to make any of them parties was a defect requiring the denial of a declaratory judgment." (Citing *Southern Farm Bureau Casualty Co. v. Robinson*, 236 Ark. 268, 365 S.W.2d 454 (1963); *Laman v. Martin*, 235 Ark. 938, 362 S.W.2d 711 (1962); and *Johnson v. Robbins*, 223 Ark. 150, 264 S.W.2d 640 (1954)). Similarly, in *Block v. Allen*, 241 Ark. 970, 411 S.W.2d 21 (1967), we sustained a demurrer and stated that the reason was that complete relief could not be afforded. Finally, we have held that a companion declaratory judgment statute that provides that the Attorney General must be made a party before a statute is declared unconstitutional does not make service on the Attorney General, a necessary party, jurisdictional. *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), *cert. denied*, 462 U.S. 1111 (1983).

In sum, upon *de novo* review, we hold that the chancellor erred in exercising jurisdiction because the guardian and the remaindermen could later raise identical issues, and thus, there would be no termination of the uncertainty or controversy.

Appellee Sovran Bank/Central South additionally asked that the chancery court order the appellant Department to re-evaluate Margaret's eligibility under Medicaid. This prayer for relief is so clearly outside the subject-matter jurisdiction of chancery court that we summarily state that it did not provide jurisdiction to the chancery court.

Appellant Department of Human Services filed a permissive counterclaim for a past due open account. Since the chancery court should not have exercised jurisdiction over the complaint, there was no jurisdiction over a counterclaim on an open account under the clean up doctrine. Conversely, we make no holding as to whether the clean up doctrine would give

chancery court jurisdiction over a permissive counterclaim for an open account. In addition, the counterclaim lacked a necessary party. The guardian, not the trustee, is the party that applied and appealed the Medicaid adjudication decision, and the guardian is apparently the party that appellant Department has been in contact with concerning the care of the ward. The pleadings do not allege that appellee trustee contracted with appellant Department for the care of the ward, nor has the trustee been enriched by appellee's services. The guardian might contest the amount or may wish to plead a statute of limitation to some or all of the alleged past due account, or may wish to question jurisdiction. In short, the guardian is a necessary party to the suit on an open account which is allegedly due as a result of a contract between the guardian and appellee.

Reversed and remanded for entry of a decree consistent with this opinion.

BROWN, J., not participating.