LAURENT E. MCDONALD *vs.* TOWN MANAGER OF
SOUTHBRIDGE.

No. 94-P-1335.

Worcester. September 13, 1995. - December 4, 1995.

Present: DREBEN, LAURENCE, & LENK, JJ.

Further appellate review granted, 422 Mass. 1103 (1996).

*Municipal Corporations*, Group insurance. *Insurance*, Group, Coverage.
*Fire Fighter*, Retirement. *Statute*, Construction.

Discussion of the statutes, chapters 32A and 32B, governing group insur-
ance for State and municipal employees, respectively, as applicable to
retired workers. [480-483]
The court concluded that the provisions of G. L. c. 32B, § 9, do not require
an employee to be a participant in a municipal group health insurance
plan at the time of retirement in order to obtain coverage thereafter
given the broad policy expressed in the statute to provide coverage, the
ambiguity of the statutory language, and the Group Insurance Com-
mission's similar interpretation of the analogous provision of G. L.
c. 32A, § 10. [483]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 7, 1989.

The case was heard by *James P. Donohue*, J.

*Michael V. Caplette* for the plaintiff.

*Richard E. Brody* for the defendant.

DREBEN, J. The plaintiff, a retired firefighter in the town of
Southbridge, brought this action seeking reinstatement in the
town's group health insurance plan. After a jury-waived trial,
a judge of the Superior Court dismissed the complaint, ruling
that under G. L. c. 32B, § 9, the plaintiff could not be cov-
ered by the plan because he had not been a plan participant
at the time of his retirement. On conflicting evidence, the
judge found that the plaintiff had not sustained his burden of
showing that his request for reinstatement in the plan came
before his retirement. We do not construe § 9 as precluding
enrollment after retirement and, accordingly, reverse the

judgment and remand the matter to the Superior Court for further proceedings.

From 1956 until his involuntary retirement in 1984 on account of an on-duty accident, the plaintiff served as a firefighter for the town of Southbridge. He was covered by the town's group health insurance plan from 1956 to 1980 when, at his request, he was removed so that he could transfer to his wife's insurance plan. Upon her retirement, he could no longer be covered under her plan. Although the plaintiff did not sustain his burden of showing that he had requested reinstatement prior to retirement, the judge found that "[f]ollowing his retirement, McDonald made repeated requests to a variety of town officials, mostly orally, but some in writing, to be allowed to rejoin the town's health insurance plan and to have the town pay 50 percent of his premiums."[1]

The question before us is whether, on the facts found by the judge, the statute precludes reinstatement. We turn to the relevant statutory provisions concerning group insurance for governmental workers. Chapter 32A governs group insurance for State employees. Chapter 32B, which governs group insurance for municipal employees, applies to the plaintiff. Section 4 of c. 32B, as appearing in St. 1986, c. 705, § 1, provides that employees are automatically covered by group insurance unless the employee "give[s] written notice . . . indicating that he is not to be insured for such coverages . . . under such [group or blanket] policy or policies." An almost identical provision is found in § 5 of c. 32A. These provisions for automatic coverage indicate a legislative intent to have a "comprehensive scheme of coverage" for governmental employees, see *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59* v. *Chatham*, 404 Mass. 365, 368 (1989), and to gather them in large groups so as to effect economies of scale. See *Municipal Light Commn. of*

---

[1]In 1964, the town accepted the provisions of G. L. c. 32B, § 9A, a local option statute, which, in relevant part, provides that the town will pay one-half of the premiums to be paid by a retired employee for group health insurance.

*Taunton* v. *State Employees' Group Ins. Commn.*, 344 Mass. 533, 539 (1962).

As part of the comprehensive scheme of coverage, both chapters 32A and 32B provide protection for retired workers. Thus, § 9 of c. 32B, as appearing in St. 1986, c. 705, § 3, requires that the group policy or policies provide minimum amounts of group life insurance on retirement and that "the group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance, as provided under section[ ] four . . . shall be continued and the retired employee shall pay the full premium cost, subject to the provisions of section nine A . . . [see note 1, *supra*] of the average group premium" for such insurance.

Focussing on the words that the group policy "shall be continued," the judge adopted the view of the town that an employee has to be insured at the time of retirement to be covered after retirement.

Another reasonable interpretation of the statutory language, and one consistent with the purpose of providing a comprehensive scheme of group health (and other) insurance for employees, is that § 9 merely mandates that the period covered by group policies shall continue through retirement without specifying whether a retired employee has to be covered prior to retirement.[2] This appears to be the interpretation given to the parallel provision, c. 32A, § 10, by the Group Insurance Commission (commission). That commission is "a special unpaid commission" established under § 3 of c. 32A, as amended by St. 1986, c. 704, § 1, and charged with adopting "such reasonable rules and regulations as may be necessary for the administration of th[e] chapter."[3]

---

[2]It is noteworthy that the third paragraph of c. 32B, § 9, as appearing in St. 1971, c. 946, § 6, which gives rights to employees who terminate their services prior to retirement, speaks of "insured" employees. The portion of § 9 we are concerned with does not say "insured" employee who retires.

[3]The commission also has functions under c. 32B. See § 11, as appearing in St. 1965, c. 841, § 6, which requires the commission, on request, to "furnish information and advisory rulings"; § 14, which provides that agreements or contracts may be submitted to the commission for review and comment. It may be that § 14 also permits regulations to be submitted for comments and review. See also §§ 2($h$), 11E, 11F, 17, & 19 of c. 32B.

Section 10 of c. 32A, as amended through St. 1977, c. 958, § 6, in relevant part, provides, "the group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance, as provided under section[ ] five . . . shall be continued, provided said retiree makes application to the commission on a form prescribed by the rules and regulations of the commission. The retired employee shall make payment . . . ." The only difference between the relevant portions of c. 32A, § 10, and c. 32B, § 9, is that under c. 32A the retired State employee must apply for continued coverage to the Group Insurance Commission on a particular form. Both provisions use the phrase "shall be continued," the words the judge deemed crucial.

The regulations of the commission dealing with retirement, 805 Code Mass. Regs. § 9.52 (1993), make clear that a State retiree need not be a participant in the State group health policy at the time of retirement to take advantage of group health insurance thereafter. Paragraph (2) of § 9.52 sets forth the conditions that must be met in cases in which "the retired employee has never been insured by the Commonwealth's Group Insurance Plans and initially applies for group insurance as a retiree." Paragraph (6) provides that "[r]etired employees who voluntarily withdraw from the Basic Life and Basic Health Insurance are not eligible for reinstatement at any future date unless they submit acceptable Medical Evidence of Insurability to the Commission no earlier than one year from the date the withdrawal took effect."

While the regulations of the commission are not binding on the town,[4] the commission's regulations are mentioned here "as confirming a common sense interpretation" of the statutory language. *Watertown Firefighters, Local 1347* v. *Watertown*, 376 Mass. 706, 712 n. 11 (1978). See also *Municipal Light Commn. of Taunton* v. *State Employees' Group Ins. Commn.*, 344 Mass. at 538; *Donnelly* v. *Contributory Retirement Appeal Bd.*, 15 Mass. App. Ct. 19, 22 (1982) (court may turn to analogous statutes for guidance);

---

[4]The town has issued extensive personnel regulations (included in the record appendix), but none of them covers retirement benefits.

2B Singer, Sutherland Statutory Construction §§ 51.01-51.03 (5th ed. 1992).

Based on (1) the broad policy of the statute to provide coverage, (2) the statutory language which admits of more than one reading, and (3) the interpretation given by the commission to the analogous provision, G. L. c. 32A, § 10, we conclude that, at least until the town issues regulations to the contrary,[5] § 9 does not require participation by the employee at the time of retirement to obtain coverage thereafter.

The town also argues that c. 32B, § 9A, at the time of its adoption in 1964, provided that a town *may*, rather than *shall*, provide for payment of one-half of the premiums of retired employees. Therefore, the town claims, it may decline to cover the plaintiff. The contention is without merit. As pointed out by the judge, the 1973 amendment to c. 32B, § 9A, did not in any way change the language of the ballot question which was presented to the town.[6] Since that question, which was approved by the voters, used the word "shall" when the town adopted § 9A, the town cannot now argue that the voters were only approving the portion of § 9A which read "may." Moreover, as also pointed out by the judge, the town has consistently considered itself bound to pay such premiums if the other requirements of § 9 are complied with.

The judgment is reversed and the case remanded to the Superior Court for further proceedings consistent with this opinion.[7]

*So ordered.*

---

[5]We do not consider whether the town may issue regulations requiring participation at the time of retirement. See *Brooks* v. *School Comm. of Gloucester*, 5 Mass. App. Ct. 158, 162-163 (1977).

[6]The ballot question was: "*Shall* the town pay one-half the premium costs payable by a retired employee . . . for health insurance?" (Emphasis supplied).

[7]On the record before us, it is not clear when reinstatement should have been effected.