SUPREME JUDICIAL COURT 
 
 MICHAEL CANNATA vs. TOWN OF MASHPEE

 
 Docket:
 SJC-13637
 
 
 Dates:
 December 2, 2024 - June 18, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Barnstable
 

 
 Keywords:
 Municipal Corporations, Group insurance, Regulations. Insurance, Group. Retirement. Fire Fighter, Retirement. Statute, Construction. Declaratory Relief. Practice, Civil, Complaint, Motion to dismiss.
 
 

  
      Civil action commenced in the Superior Court Department on March 23, 2023.
      A motion to dismiss was heard by Michael K. Callan, J.
      The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.
      Jeremy M. Carter for the plaintiff.
      Susan M. Whalen for the defendant.
      GEORGES, J.  Michael Cannata served as a firefighter for the town of Mashpee (town) for over a decade before leaving in 2004 as a "deferred retiree."[1]  During his employment with the town, he was enrolled in the town's group health insurance plan.  Upon his departure, however, his enrollment ended. 
      In 2021, after turning fifty-five years old and beginning to collect retirement benefits from the town, Cannata sought to re-enroll in the town's health insurance plan as a retiree.  The town denied his request; however, its reasons for doing so shifted over several communications between Cannata and town representatives.  
      Cannata commenced an action in the Superior Court, seeking a judgment declaring that the town's denial of benefits violated G. L. c. 32B, § 9.  A Superior Court judge granted the town's motion to dismiss for failure to state a claim.  Cannata appealed.
      The issue before us is whether the judge erred in concluding that, under G. L. c. 32B, § 9, third par., Cannata was required to apply for continued coverage at the time he deferred retirement in 2004 and pay the full premium cost during the deferral period in order to later enroll in the town's group health insurance plan upon retirement.  More broadly, we address for the first time how G. L. c. 32B, § 9, applies to former municipal[2] employees who (1) deferred retirement, (2) did not maintain municipal health insurance during the deferral period, and (3) now seek to enroll upon receiving retirement benefits.  See Cioch v. Treasurer of Ludlow, 449 Mass. 690, 693 n.10 (2007) (declining to consider application of town's preretirement enrollment policy to deferred retirees).  
      We conclude that G. L. c. 32B, § 9, neither requires nor prohibits a municipality from enrolling individuals like Cannata.  Accordingly, the third paragraph of the statute does not govern this case, and the judge erred in holding otherwise.  Municipalities may -- but are not obligated to -- allow such individuals to enroll in group health insurance upon retirement.  
      In any event, Cannata's complaint fails to plausibly allege entitlement to relief beyond a speculative level.  We therefore affirm the judgment of dismissal on this alternative ground. 
      Background.  1.  Facts.  We summarize the factual allegations in the plaintiff's complaint, supplemented by details from undisputed documents incorporated by reference.  Six Bros. v. Brookline, 493 Mass. 616, 618 (2024).  
      Cannata served as a firefighter for the town from September 1994 through December 2004 before voluntarily resigning.  During his employment, he was enrolled in the town's group health insurance plan.  Upon his departure in 2004, he was classified as a "deferred retiree" and no longer enrolled in the town's health insurance plan. 
      In June 2021, after turning fifty-five years old, Cannata began receiving retirement benefits.  Around that time, human resources for the town informed him that because he did not have adequate "time in-service," he was ineligible to enroll in the town's retiree health insurance.  Cannata then contacted the town manager to inquire about re-enrolling in the town's health insurance plan.  The town manager informed Cannata that he was ineligible to enroll because, although the town had no written bylaw or policy governing retired employees in Cannata's position, it was the town's practice to deny coverage to retired employees with less than ten years of full-time creditable service.  
      After informing the town manager that records showed he had completed 10.25 years of service to the town, Cannata's request was again denied.  In a letter dated August 13, 2021, the town manager supported the denial by citing to the statutory requirements under G. L. c. 32B, § 9, and the town's "broad policy through practice[]" of "denying health insurance coverage to retirees who," like Cannata, "were not currently enrolled in a [t]own health insurance plan when they retired."  
      The town manager explained that Cannata's status as a retiree receiving pension benefits was not "the controlling factor" for eligibility; rather, "preretirement enrollment [was]."  In subsequent correspondence with Cannata's counsel, the town manager noted that under G. L. c. 32B, § 9, third par., Cannata had neither applied for continuing coverage upon becoming a deferred retiree nor paid the full monthly premiums required to maintain enrollment. 
      Cannata alleges that the town "repeatedly failed to provide any written policy or bylaw supporting its position in denying [him] retiree healthcare benefits."  
      2.  Procedural history.  In March 2023, Cannata commenced an action against the town in the Superior Court, seeking declaratory relief under G. L. c. 231A.  He requested a ruling that "the town's 'established practice' of denying healthcare benefits [to] deferred retirees" was invalid and that its refusal to grant him retirement benefits violated G. L. c. 32B, § 9.  
      The town moved to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), claiming it was obligated to deny Cannata coverage because he failed to follow the mandatory provisions of G. L. c. 32B, § 9, third par., which included (1) applying for continued coverage when he deferred retirement in 2004; and (2) paying the full premium cost during the deferral period.  Following a hearing, the judge granted the town's motion, finding that Cannata had failed to comply with the statutory steps required by G. L. c. 32B, § 9, third par., "to continue his coverage" after leaving town employment.  
      Cannata appealed, and we transferred the case to this court on our own motion.
      Discussion.  We review a motion to dismiss de novo, accepting all well-pleaded facts in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and determining whether the allegations plausibly suggest an entitlement to relief.  Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).  While a complaint need not contain "detailed factual allegations," it "requires more than labels and conclusions" (citation omitted).  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  The factual allegations must "raise a right to relief above the speculative level" and be assessed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citation omitted).  Id.  
      Cannata's entitlement to relief initially turns on the provisions of G. L. c. 32B, § 9.  The threshold question is whether § 9 requires the town to allow enrollment in its group health insurance plan under circumstances like his.  If not, the inquiry shifts to whether the town had a policy or regulation permitting such enrollment -- and whether the complaint plausibly alleges its existence. 
      1.  G. L. c. 32B, § 9.  Statutory interpretation begins with the principle that a statute's language must be given effect consistent with its plain meaning.  Boss v. Leverett, 484 Mass. 553, 557 (2020).  Generally, statutes must be interpreted "based on the intent of the Legislature," considering the ordinary meaning of words, the context of enactment, and the purpose of the statute.  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 273 (2020).  
      Accordingly, we start with the plain language of § 9.  Galenski v. Erving, 471 Mass. 305, 309 (2015).  The first and third paragraphs of the statute are most relevant to Cannata's circumstances.  They state, in relevant part:
"The policy . . . of insurance shall provide that upon retirement of an employee . . . group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance . . . shall be continued and the retired employee shall pay the full premium cost, subject to the provisions of [§ 9A] or [§ 9E] whichever may be applicable . . ." (first par.).
"Prior to retirement, an insured employee who terminates his services with the governmental unit and who has a right to retire but whose retirement is deferred under any applicable law shall for the purpose of this chapter only be deemed to have been granted a leave of absence without pay and may continue all insurance coverages to which he would have been entitled if he had not terminated his services; provided he files an application therefor with the treasurer of the governmental unit and makes payment for the full premium cost of his insurance with no contribution by the governmental unit notwithstanding the provisions of [§ 9A] or [§ 9E]" (third par.).
G. L. c. 32B, § 9.  Where a municipality has adopted this local-option statute, these provisions require the municipality to offer group plans to its public employees that continue existing health insurance coverage (1) upon retirement (first paragraph) or (2) upon terminating employment while deferring retirement (third paragraph).  Larson v. School Comm. of Plymouth, 430 Mass. 719, 721 (2000).[3]  We address each paragraph in turn.
      a.  Applicability of the first paragraph.  General Laws c. 32B sets forth the general requirements for municipal group health insurance policies, including coverage during both active employment and retirement.  Cioch, 449 Mass. at 698.  A municipality that opts into G. L. c. 32B, § 9, must offer such coverage throughout both periods.  Id. 
      However, G. L. c. 32B, § 9, first par., does not define individual eligibility.  As we held in Cioch, the first paragraph of § 9 neither requires nor prohibits a municipality from allowing a retired employee who was not enrolled in the group plan while employed to enroll postretirement.  See Cioch, 449 Mass. at 698 ("Nothing in the plain language of [§ 9] requires a municipality to permit a retiree who has not enrolled in a municipal health insurance plan while employed, to enroll in a municipal health insurance plan after she has retired, or precludes it from doing so").  
      The statutory phrase "shall be continued" in § 9, first par., imposes a requirement that the municipality's group policy must be continued in retirement -- not a requirement as to who is eligible for such coverage.  Cioch, 449 Mass. at 698, quoting McDonald v. Town Manager of Southbridge, 39 Mass. App. Ct. 479, 481 (1995) (McDonald I).  Thus, for a municipality that opts into § 9, it requires only that the municipality's group policy allow employees covered by the municipality's group plan to carry their group coverage into retirement.  Cioch, supra at 700.
      Municipalities retain authority, under G. L. c. 32B, § 14, to promulgate reasonable regulations governing eligibility -- specifically, whether a retiree not enrolled at the time of retirement may later join the plan.  See McDonald v. Town Manager of Southbridge, 423 Mass. 1018, 1018 (1996) (McDonald II).  This discretionary framework is consistent with the statutory scheme, as reflected in the analogous provisions of G. L. c. 32A, § 3, applicable to State employees.  Id.
      Accordingly, a retiree such as Cannata -- who was not enrolled in the town's plan upon retirement -- may be lawfully excluded under a reasonable municipal regulation, without running afoul of § 9, first par.
      b.  Applicability of the third paragraph.  The third paragraph of § 9 applies to an "insured employee" who, before retirement, "terminates his services with the governmental unit and who has a right to retire but whose retirement is deferred."  G. L. c. 32B, § 9, third par.  In other words, this paragraph applies to a deferred retiree.  This provision describes Cannata's situation in 2004:  he was insured under the town's group health insurance plan, voluntarily left municipal service, and became a deferred retiree.  At that time, he had the ability to continue coverage, provided he applied for continued coverage and paid the full premium.  See G. L. c. 32B, § 9, third par. (deferred retiree "may continue all insurance coverages to which he would have been entitled if he had not terminated his services").  The relevant inquiry, however, is Cannata's status in 2021 when he ultimately retired -- not in 2004, when he deferred retirement.  
      Stated differently, although the third paragraph of § 9 applied to Cannata in 2004 at the time of his deferral, it did not apply in 2021 when he retired and then sought to re-enroll in the town's group health insurance plan.  The third paragraph of § 9 does not apply to Cannata because, at the time he sought to enroll in the town's group health insurance plan, he had retired.  The judge therefore erred in dismissing Cannata's claim based on his alleged failure to comply with the procedures in the third paragraph of § 9, which applied only at the time of deferral –- not upon his subsequent retirement.[4]
      Because neither the first nor the third paragraph of § 9 compels the town to extend coverage in Cannata's circumstances,[5] his claim depends entirely on the town's regulations and policies.  The statute is silent on whether a former employee who was not enrolled in a municipal health insurance plan during the period of deferral may enroll upon retirement.  In the absence of statutory direction, the issue is left to local discretion.  See Cioch, 449 Mass. at 698 (G. L. c. 32B "accords municipalities substantial latitude" to adopt rules and regulations for administering chapter); McDonald II, 423 Mass. at 1018 (municipality may adopt reasonable regulations concerning participation in its program under G. L. c. 32B by retiree who was not enrolled at retirement).  See also G. L. c. 32B, § 14 (governmental units shall adopt rules and regulations, not inconsistent with chapter, as necessary for chapter's administration).  
      2.  Allegations concerning the town's policy.  At the outset -- before turning to the specific allegations in Cannata's complaint -- we address a threshold issue:  What must a plaintiff in Cannata's position plead to plausibly suggest an entitlement to relief under a municipal policy or regulation?  More precisely, must the plaintiff allege facts plausibly suggesting the existence of a policy permitting enrollment by a retiree following a deferred retirement during which the retiree was not enrolled, or is it sufficient to allege the absence of a policy barring such enrollment?  We believe the former is required.  See Cioch, 449 Mass. at 699 (retired employee was required to show benefits earned during employment included "the right to enroll" in retiree health coverage).[6]  Cf. Gordon v. Safety Ins. Co., 417 Mass. 687, 689 (1994) (person claiming coverage under insurance policy must demonstrate that he or she is insured under terms of basic agreement).  Otherwise, courts risk extending benefits to individuals neither contemplated by the municipality's policy or regulation nor required to be covered by statute.  See Boston Gas Co. v. Century Indem. Co., 454 Mass. 337, 355 (2009) ("We read the policy as written and are not free to revise it or change the order of the words" [quotation and citation omitted]).  
      Here, Cannata does not allege the existence of a municipal policy or regulation permitting his enrollment.  Instead, he asserts only that he was never informed -- either during his employment or prior to retirement -- that "electing 'deferred retiree' status" would affect his eligibility for retiree health coverage.  He also alleges that the town lacked a "written policy" and relied instead on an "established practice" to deny his enrollment.  To cast doubt on the town's position, Cannata points to its evolving explanations for his ineligibility.[7]  
      These allegations, however, fall short of plausibly suggesting Cannata had "the right to enroll in the [town's] insurance program after retirement."  Cioch, 449 Mass. at 699.  Even if his assertions could be read to imply the absence of a policy barring enrollment, they do not rise above speculation as to the existence of a policy affirmatively permitting it.  Iannacchino, 451 Mass. at 636 (factual allegations "must be enough to raise a right to relief above the speculative level" [quotation and citation omitted]).  
      We therefore conclude that Cannata's complaint fails to state a claim and cannot survive a motion to dismiss.[8]  Accordingly, we affirm the order allowing the town's motion to dismiss.  However, because we affirm on grounds that differ substantially from those relied upon by the judge, and in light of our clarification of the pleading standards concerning the town's policy, we find it appropriate to allow Cannata an opportunity to amend his request for declaratory relief.  Iannacchino, 451 Mass. at 635.  On remand, the complaint shall be dismissed without prejudice.
 
      So ordered.
footnotes

          [1] For simplicity, we use the term "deferred retiree" as defined by the Group Insurance Commission (GIC) in regulations promulgated under G. L. c. 32A, even though those regulations do not apply to the town.  Cioch v. Treasurer of Ludlow, 449 Mass. 690, 691 n.4 (2007).  The GIC defines "deferred retirees" as "[f]ormer [e]mployees whose employment has terminated and who have vested rights to a retirement allowance, currently deferred, relating to their employment.  Persons receiving a pension or retirement allowance whose monies are withdrawn . . . are not [d]eferred [r]etirees."  805 Code Mass. Regs. § 1.02 (2021).  
          [2] As used throughout this opinion, the term "municipality" extends to other political subdivisions covered by G. L. c. 32B.  See Cioch, 449 Mass. at 691 n.2.
          [3] The fourth paragraph of § 9 -- applicable to employees who leave service without deferring retirement, see Larson, 430 Mass. at 721 -- does not apply to Cannata's situation.
               [4] Additionally, the judge should have declared the parties' rights.  See Boston v. Massachusetts Bay Transp. Auth., 373 Mass. 819, 829 (1977) ("when an action for declaratory relief is properly brought, even if relief is denied on the merits, there must be a declaration of the rights of the parties"); Kilroy v. O'Connor, 324 Mass. 238, 242 (1949) ("One of the principal purposes of the declaratory judgment law, G. L. [Ter. Ed.] c. 231A, is to settle completely the controversy submitted for decision").  Cf. Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 20 (2018) (declaration of parties' rights "is implicit in a judge's order to dismiss a declaratory judgment claim under rule 12 [b] [6]").
               [5] On appeal, Cannata also asserts that G. L. c. 32B, § 9, third par., is inapplicable for another reason -- i.e., because of the town's acceptance of G. L. c. 32B, § 9E.  Because we have already concluded that § 9, third par., does not apply to Cannata's circumstances, the town's acceptance of § 9E does not factor into this determination. 
               [6] We recognize that language in Cioch, 449 Mass. at 691, refers to the permissibility of a municipality's policy "precluding participation" by a retiree who was not enrolled in coverage during the period of the retiree's employment, rather than a policy permitting participation (emphasis added).  However, in Cioch, this court upheld the denial of coverage to such a retiree, even where the municipality's policy precluding postretirement enrollment did not exist at the time of the employee's retirement, see id. at 692-693, and thus held that, in the absence of a town policy providing otherwise, the retiree was barred from postretirement enrollment, see id. at 699.  Cioch thereby tacitly rejected the suggestion in McDonald I, 39 Mass. App. Ct. at 480, that G. L. c. 32B, § 9, first par., creates default eligibility to enroll absent reasonable municipal regulations. 
               [7] Although the allegations concerning the town's evolving explanation for its denial of Cannata's enrollment may suggest it lacked a cohesive scheme for some retirees seeking health coverage, they nonetheless fail to plausibly support any allegations of the existence of a policy or regulation permitting Cannata's enrollment.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (plausibility determination requires court to "draw on its judicial experience and common sense"). 
      
          [8] Although the judge did not rely on the same reasoning in rejecting Cannata's claim, "appellate court[s are] free to affirm a ruling on grounds different from those relied on by the judge if the correct . . . basis for affirmance is supported by the record and the findings" (citation omitted).  Balles v. Babcock Power Inc., 476 Mass. 565, 579 n.21 (2017).